UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 21 P 1: 36

U.S. DISTRICT COURT
DISTRICT OF MASS

| | | |
|---|---|---|
| Joarez Reis, Plaintiff | ) | |
| v. | ) | |
| City of Hyannis, Massachusetts; | ) | CIVIL ACTION UNDER |
| County of Barnstable, Massachusetts; | ) | 42 U.S.C.  § 1983 |
| Police Department of the City of | ) | |
| Hyannis, Massachusetts; Trooper | ) | –C O M P L A I N T – |
| Richard Casgrove, Massachusetts | ) | |
| State Police Officer, in his | ) | 05-40022 |
| individual and Official capacity; | ) | |
| Anonymous Officers of the Police | ) | |
| Department of the City of Hyannis, | ) | |
| in their individual and Official | ) | |
| capacities, Defendants. | ) | |

To the Clerck of the Court,

        Please accept for filing the attached Summons and Complaint, Pro Se and
in forma pauperis, and if any further information is needed, please contact me at the
address bellow.  Second copies of each are enclosed. Please stamp and return to me in
the enclosed post-paid envelope.

1/19/05
Date

                        Sincerely,

                                Joarez Reis, Plaintiff, Pro Se
                                B.O.P.'s Reg.No.: 56638-004
                                FMC Devens/Camp
                                P.O.Box 879
                                Ayer, MA 01432

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 21 P 1: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

Joarez Reis, Plaintiff                    )
                                          )
            v.                            )      CIVIL ACTION UNDER
                                          )      42 U.S.C. § 1983
City of Hyannis, Massachusetts;           )
County of Barnstable, Massachusetts;      )      -C O M P L A I N T -
Police Department of hte City of          )
Hyannis, Massachusetts; Trooper           )
Richard Casgrove, Massachusetts           )
State Police Officer, in his              )
individual and official capacity;         )
Anonymous officers of the Police          )
Department of the City of Hyannis,        )
in their individual and official          )
capacities, Defendants.                   )


I- PARTIES

    A. Joarez Reis, Inmate at Federal Medical Center, Devens, Registration No.:
       56638-004, P.O.Box 879, Ayer, Massachusetts 01432, Plaintiff.

    B- City of Hyannis, Massachusetts 02601

    C- County of Barnstable, Massachusetts

    D- Police Department of the City of Hyannis, Massachusetts 02601

    E- Massachusetts State Trooper, Richard Casgrove, Hyannis, Massachusetts 02601

    F- Anonymous Police officers of the Police Department of the City of Hyannis,
       Massachusetts 02601, Defendants.

Pg 1

II-STATEMENT OF THE CLAIM

Plaintiff Joarez Reis, an inmate at the Federal Medical Center, Devens, Ayer, Massachusetts, Pro Se and in Forma Pauperis, brings this civil rights action under 42 U.S.C. § 1983, on grounds of WRONGFUL SEARCH AND SEIZURE, DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS, INFLICTION OF EMOTIONAL DISTRESS, AND INVASION OF PRIVACY, all under color of State Law, as follows:

(1) At all times mentioned herein the Plaintiff Joarez Reis, was an stil is a citizen of the United States and a resident of the State of Massachusetts.

(2) At all times mentioned herein the Defendant Richard Casgrove, was and still is a citizen of the United States and a resident of the State of Massachusetts.

(3) Upon information and belief, at all times mentioned herein the Defendant Richard Casgrove,was and still is employed as a police officer by the city of Hyannis, or Barnstable County, or State of Massachusetts.

(4) That this action arises under the provisions of the 42 U.S.C. § 1983, which guarantees certain civil rights against improper actions by government and governmental agents in violation of the person's constitutional rights and protections, under color of law.

(5) That each of tha actions complained of herein were committed under color of law while the Defendant Richard Casgrove, was acting in his capacity as a police officer appointed by and employed by the city of Hyannis, or County of Barnstable, or State of Massachusetts, within the geographic territory of said  county.

(6) That the Plaintiff Joarez Reis, at all times mentioned herein, was engaged in the business of income tax return preparation for third parties, mainly to the Brazilian community of Cape Cod, Massachusetts.

(7) That the Plaintiff Joarez Reis, at all times mentioned herein, was also engaged in the business of assisting individuals seeking legal immigration status before the Immigration and Naturalization Service.

(8) That sometime in the year 2000, the Plaintiff Joarez Reis was contacted by the Defendant Richard Casgrove, in his capacity of law enforcement agent for the County of Barnstable, Massachusetts, together with an officer of the Massachusetts

Department of Revenue, requesting information concerning a possible act of fraud
by the Plaintiff Joarez Reis, in conjuction with the preparation of a client's
tax return.

(9) That two weeks later, a meeting was held at the office of the Plaintiff's
attorney, Ricardo Barros, in the town of Barnstable, Massachusetts, with the
same parties above mentioned in paragraph 8, for clarification of facts.

(10) That in May 2001, the Defendant Richard Casgrove, in his official capacity of
law enforcement agent, obtained a warrant from the magistrate of the Barnstable
County, based upon allegations of tax fraud by the Plaintiff Joarez Reis, to search
Plaitiff's residence located at 20 Fresh Holes Road, Hyannis, Massachusetts, and
to seize documents related to tax preparation, banking records, cancelled checks
and larceny.

(11) That the Warrant was specifically limited to the items recited therein.

(12) That in the course of his search of Plaintiff's entire residence located at
20 Fresh Holes Rd, Hyannis, Massachusetts, which continued after he had seized
any and all of the documents recited in the warranted, which documents were maintained
in duly marked file drawers, the Defendant Richard Casgrove continued to search the
premises over the protest of the Plaintiff Joarez Reis, who was repeatedly told
to be quiet and sit down.

(13) That in the course of the extended search beyond that authorized by the
warrant, the Defendant Richard Casgrove seized and removed from the premises
certain personal papers of the  Plaintiff Joarez Reis and others, file folders
containing documents and informations concerning the applications of many third
parties to the Immigration and Naturalization Service seeking temporary and
permanent legal status to remain in the United States, Despite the protests of the
Plaintiff Joarez Reis.

(14) That the Plaintiff Joarez Reis Identified the nature of such documents to the
Defendant Richard Casgrove and protested their removal from the premises in violation
of the terms and conditions of the warrant. Such files contained no tax information,
forms, etc., and that Defendant Richard Casgrove was aware of the fact.

(15) That the said unlawful and unreasonable search and seizure of papers, involved
more than four hundred (400) files that contained documents of third parties

entrusted to the Plaintiff Joarez Reis watch for immigration follow-up, such as providing transportation and translation to the Immigration Courts, and typing of immigration forms, as needed and requested by individuals seeking temporary and legal immigration status in the United States.

(16) That the Plaintiff Joarez Reis protested that removal of such files seized and taken were not related to tax documents, etc.

(17) That the Defendant Richard Casgrove, as an experienced law enforcement agent, as claimed in his affidavit to the magistrate to issue a warrant, knew or should have known that he could not have taken whatever he pleased or deemed appropriate despite the particularity and conditions of the warrant.

(18) That despite such unreasonable search and seizure of documents belonging to third parties, in addition to submitting such documents in evidence against the Plaintiff Joarez Reis, where the United States Attorney Paul Levenson and the United States District Judge, George A. O'Toole,Jr., used the impermissible evidence to enhance Plaintiff sentence as relevant conduct, upon a plea agreement in Plaintiff's criminal case No.: 03-10213-GAO, NONE of these files have been returned to this date to either the Plaintiff Joarez Reis or the persons whose records were contained therein.

(19) That Defendant Richard Casgrove, together with two Federal Agents and several police officers of the Barnstable County, acting under color of State law, all agreed that they were going to seize everything and remove them over to the State Police Department of South Yarmouth, Massachusetts, if they were in a fishing expedition, looking for incriminating evidence against Plaintiff Joarez Reis, grossly exceeding the scope of search warrant.

(20) That the Plaintiff Joarez Reis has duly demanded the return of the files and records from his premises but the prosecuting authorities have failed and /or refused to return them to this date.

(21) That this Fourth Amendment violation by the Defendant Richard Casgrove, et al, was conducted under the color of State law. He engaged in a warrantless search and seizure and no exception to the warrant requirement applied, with full knowledge that he exceeded his authority granted pursuant to the terms of the warrant.

(22) That this unlawful removal of immigration files by the Defendant Richard Casgrove, caused the deportation of many innocent third parties who were seeking legal status in the United States and who had their cases decided "in absentia" due to failure to appear in court.

(23) That this unlawful removal of immigration files by the Defendant Richard Casgrove resulted in great panic in the Brazilian community, inflicting to Plaintiff Joarez Reis threats to his life as well as mental anguish and concern for innocent immigration legal status seekers.

III-RELIEF

      Plaintiff Joarez Reis seeks award of punitive damages against ALL the Defendants named above in Item I- (parties), in the amount of U.S.$1,000,000.00 (One Million Dollars)  to compensate the Plaintiff Joarez Reis for infliction of intense emotional distress, economic loss, lack of enjoyment of life, due to Defendant Richard Casgrove KNOWLEDGE and WILLFUL violation of Plaintiff's constitutional and civil rights, and that in accordance with Federal Civil Rights Statutes, mandates liability for violation of rights protected by the constitution and laws of the United States of America and order directing the Defendant to return any and all property of the Plaintiff in their possession.

IV- (x) Jury Trial

      Trial by Jury  requested.

      I, the Plaintiff Joarez Reis, declare under penalty of perjury that the foregoing is true and correct.

_____
   1/19/05
   Date

_____
      Joarez Reis, Plaintiff Pro Se.

```
 1              UNITED STATES DISTRICT COURT FOR
                 THE DISTRICT OF MASSACHUSETTS
 2

 3
                                    )
 4   UNITED STATES OF AMERICA,       )
                                    )
 5            Plaintiff,             )
                                    )        Criminal Action
 6                                   )        No. 03-10213-GAO
     vs.                             )
 7                                   )
                                    )
 8   JOAREZ REIS,                    )
                                    )
 9            Defendant.             )
                                    )
10

11

12                    STATUS CONFERENCE

13

14      BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                 UNITED STATES DISTRICT JUDGE
15

16               United States District Court
                John J. Moakley U.S. Courthouse
17                   1 Courthouse Way
                Boston, Massachusetts  02210
18                   February 18, 2004
                         2:00 p.m.
19

20                  *  *  *  *  *  *

21

22

23               SHELLY M. KILLIAN, CM
                 Official Court Reporter
                John J. Moakley U.S. Courthouse
24               1 Courthouse Way, Room 3510
                   Boston, MA  02210
25                   (617) 737-7117
```

COPY

1  APPEARANCES:

2  For the Plaintiff:

3  Paul G. Levenson
   United States Attorney's Office
4  John Joseph Moakley Federal Courthouse
   1 Courthouse Way, Suite 9200
5  Boston, Massachusetts  02210

6  For the Defendant:

7  Nicholas A. Klinefeldt, Esq.
   Kelly, Libby & Hoopes, PC
8  175 Federal Street
   Boston, Massachusetts  02110

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                     P R O C E E D I N G S

 2              (The following proceedings were held in open court

 3    before the Honorable George A. O'Toole, Jr., United States

 4    District Judge, United States District Court, District of

 5    Massachusetts, at the John J. Moakley United States Courthouse,

 6    1 Courthouse Way, Boston, Massachusetts, on February 18, 2004.

 7    The defendant, Joarez Reis, is not present.)

 8              THE CLERK:  All rise.  Case of United States of

 9    America versus Joarez Reis, docket number 03-10213.  Would

10    counsel please identify yourselves for the record.

11              MR. LEVENSON:  Good afternoon, your Honor.  Paul

12    Levenson for the United States.

13              MR. KLINEFELDT:  Good afternoon, your Honor.  Nick

14    Klinefeldt for the defendant, Joarez Reis.

15              THE COURT:  I'm not sure I've seen this case

16    before, have I?

17              MR. LEVENSON:  I don't believe you have, or at

18    least we haven't had any hearings in this session.

19              THE COURT:  I did see it to the extent of noting

20    there was a motion for a pre-plea presentence report, but I

21    didn't want to just approve it without knowing something about

22    the case.  So tell me what the case is about and why it's

23    appropriate to deviate from the norm of having post-plea

24    presentence reports.

25              MR. LEVENSON:  The case includes multiple counts,
```

1   all of which derive from Mr. Reis' role as a tax and

2   immigration form preparer might be the best way to refer to

3   it.   Various witnesses have described his self-presentation

4   differently, ranging from in some instances saying he held

5   himself out as an attorney or as an immigration attorney or as

6   an attorney in Brazil.

7          In any case, what we have are lots of people,

8   almost all Brazilian speakers, Brazilians, mostly illegal

9   immigrants, non-English speakers, who went to Mr. Reis for

10  either or both of immigration or tax service.   And the charges

11  with respect to the immigration matters, what Mr. Reis did,

12  among other things, was to forge marriage certificates and

13  other documents relating to marital status in order to obtain

14  work permits for people by making it look as if they were

15  married to people who had pending asylum applications.   So you

16  had a long -- a big pile of forgeries about the marital status

17  of people.   The government also has serious questions about

18  whether the underlying asylum applications were also

19  fraudulent.   That's one side of the ledger.

20         The other side of the ledger, tax returns, people

21  who came for tax advice and had returns prepared.   Mr. Reis,

22  with their social security numbers in hand and knowing they

23  hadn't been in the country in previous years, proceeded to file

24  tax returns for prior years claiming only Schedule C income so

25  there would be no W-2 audit, and claiming low enough wages and

1    enough kids that there would be earned income credits.  The

2    earned income credits, refund checks as it were, get sent to

3    Mr. Reis' P.O. box and cashed.  So in each case we have a large

4    number of victims and/or witnesses, and then two main

5    institutional victims, both part of the government, the IRS and

6    the INS, as well as the state Department of Revenue.

7         What makes the case tricky -- there are a number of

8    factors that make the case tricky and that, I would suggest,

9    militate in favor of a pre-plea PSR.  The main one, I think,

10   and this is one defense counsel almost certainly can't speak to

11   since it would be confidence of their client, I offer instead

12   my outside speculation.  Mr. Reis is represented by appointed

13   counsel.  He was arrested and held after a detention hearing in

14   Florida after circumstances that suggested to us flight and an

15   attempt to hide from the authorities.  So he's in the position

16   that he has appointed counsel who has said, look, you know the

17   government has offered you a deal.  I can tell the Court having

18   dealt with Mr. Kelly both as a colleague and as an advocate,

19   his appointed counsel is one of the very best criminal defense

20   lawyers in town, but he doesn't necessarily know that or

21   necessarily feel comfortable with the terms of the deal

22   negotiated while he's held in custody and anxious to reach a

23   plea.

24        A further complicating factor is that part of the

25   investigation was conducted by the Massachusetts State Police.

1   A state search warrant was executed which, in my judgment, is

2   subject to challenge at least for overbreadth in execution.

3   And I have taken the position with Mr. Kelly that as of right

4   now, there's conduct I'm aware of and know I can prove.  The

5   remainder may -- is likely suppressible and raises a number of

6   trial issues but also could have an impact on sentencing.  I

7   have not reviewed or allowed any members of the federal

8   government team to review the materials that I think may be

9   subject to suppression.  Mr. Kelly and Mr. Klinefeldt have had

10  that opportunity since their material is taken from the

11  defendant.

12          So we have issues that relate to what is the

13  relevant conduct, how thoroughly given the scope of the crimes,

14  where it's multiple individual claimants or filers on both the

15  INS and IRS sides, we have a situation where we've worked out a

16  plea agreement that Mr. Kelly and I both believe reflects a

17  fair and accurate assessment of the facts as we know it, but

18  there are gaps.  And gaps that ride in part on a legal issue

19  about potential suppression of evidence.

20          In that circumstance, Mr. Kelly is concerned not to

21  be in a situation where if the probation department were to

22  say, all right, the government has made its best estimate of

23  how many victims, how much tax loss, how many INS filings are

24  involved here, but we want to go over and depending on the

25  Court's direction, try and make sense of boxes of documents

1    that I truly don't know what's in them.  I believe one of the

2    concerns is to make sure that there's not a surprise waiting

3    for Mr. Reis, since obviously the Court's not bound by our plea

4    agreement.

5              So I realize that's a bit convoluted, but it's

6    precisely because it's convoluted that we think it's

7    appropriate in this case to have a probation officer, in

8    effect, get in and kick the tires good and hard and make sure

9    that the probation office is comfortable with the factual

10   assessments that have been made that are reflected in the plea

11   agreement.

12             THE COURT:  Attached to the motion for the pre-plea

13   presentence report is a copy of an executed plea agreement.

14             MR. LEVENSON:  Yes.

15             THE COURT:  Which sets forth in detail what the

16   parties would agree to recommend as to the application of the

17   guidelines.

18             MR. LEVENSON:  Absolutely.  It's just those don't

19   bind the Court.  The concern is if probation were to take a

20   radically different view, it could well inform Mr. Reis'

21   decision, since obviously we have no rights of specific

22   performance to force the plea, it could affect Mr. Reis'

23   ultimate decision in entering the plea.

24             MR. KLINEFELDT:  Your Honor, I think Mr. Levenson

25   accurately states it.  This is both factually a complex case,

1    with 54 counts in the indictment alleging mail fraud, tax

2    fraud, false statements involving immigration documents.  And

3    more specifically, I think the point is, your Honor, that

4    factually it's complex with the search warrant issue.  And I

5    think the agreement we've reached is a strong and fair

6    assessment of what is out there.  But, again, there's an

7    element of the unknown that we just -- we don't know.

8             THE COURT:  Okay.  Mr. Reis is in custody?

9             MR. KLINEFELDT:  Yes.

10            MR. LEVENSON:  Yes, he is.

11            THE COURT:  Okay.  Well, I'll grant the motion and

12   ask the probation office to prepare a pre-plea presentence

13   report.  That will require us to postpone matters for some time

14   while they do that.

15            MR. LEVENSON:  I'm actually ready with the

16   government's prosecution version so that at least saves us a

17   week on the front end.  I can -- I can file that this afternoon

18   or tomorrow.  I don't know where that leaves us.

19            THE COURT:  It still puts us into May, I think.

20            MR. LEVENSON:  I think that's right.

21            THE COURT:  And if indeed it is as complex as you

22   say, it may be that the probation office will need every bit of

23   that time.

24            MR. LEVENSON:  He may.  I tried to spell out not

25   only the facts as we believe them to be but also the

1    assumptions and the methods that were used in trying to
2    identify all the false filings, the methods that were used to
3    identify false INS filings by working backwards through indices
4    of P.O. boxes and so forth, so that I hope it will help the
5    probation officer.  But I'm only guessing.
6              THE COURT:  Has the defendant seen that?
7              MR. LEVENSON:  No.  Until it's filed.
8              THE COURT:  I'm wondering from your perspective
9    whether you think they'll have a different view of at least
10   what objective evidence there is.
11             MR. LEVENSON:  I don't think as to the objective
12   evidence there will be any difference.  We have spent a great
13   deal of time actually going through file -- the files that are
14   charged in the indictment, and many of the relevant conduct
15   files are physically in my office.  And we have sat down
16   together and worked file by file showing the defense these are
17   the kinds of false statements we're finding in each file,
18   here's a summary of them, as well as individually.  And I
19   believe we've made those available for copying as well.
20             MR. KLINEFELDT:  Yes.  They've been made available
21   for copying.  We've sat down on at least two occasions to go
22   through that, just what documents there are, but I think to
23   some extent the methodology that was used in arriving at the
24   estimates.
25             THE COURT:  Okay.  Paul, suggest a date for

1    sentencing -- well, not for sentencing, for Rule 11.  I'm

2    sorry.  And it might be sentencing.  We might do it all at

3    once.

4              MR. LEVENSON:  I think it would make sense to --

5              THE COURT:  We'll at least let him plead guilty

6    before we sentence him.

7              (Discussion off the record.)

8              THE CLERK:  Something in May?

9              THE COURT:  Mid to late May probably.  I assume

10   that time frame is acceptable under the circumstances?

11             MR. KLINEFELDT:  Yes, your Honor.

12             THE CLERK:  Tuesday, May 25th at 2:00.

13             MR. KLINEFELDT:  That's for both a Rule 11 and a

14   sentencing?

15             THE COURT:  I think so, unless something appears in

16   the meantime to make you think that's not what should happen.

17   So we'll plan on ordering the defendant to be here, having him

18   in.  If it turns, for some reason because you don't like what

19   you see, into something other than a rule 11 and you don't want

20   him here, you just want a conference, let us know.  We'll

21   cancel the habe.  Otherwise, we'll expect him.  Does he need an

22   interpreter?

23             MR. KLINEFELDT:  No, your Honor.

24             THE COURT:  Okay.

25             MR. LEVENSON:  Thank you, your Honor.

1            MR. KLINEFELDT:  Thank you, your Honor.

2            (Adjourned at 2:15 p.m.)

3

4              - - - - - - -

5             CERTIFICATION

6          I certify that the foregoing is a correct

7   transcript of the record of proceedings in the above-entitled

8   matter to the best of my skill and ability.

9

10

11

12   ____Shelly M. Killian____    __10/20/04__

13   Shelly M. Killian           Date

14   Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25