UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOAREZ REIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-40022-GAO |
| v. | ) | |
| | ) | |
| CITY OF HYANNIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PROCEDURAL ORDER

For the reasons stated below, the Court denies without prejudice the plaintiff's motion to defer payment of the filing fee.

BACKGROUND

On January 21, 2005, plaintiff Joarez Reis, currently incarcerated at FMC Devens, filed a civil lawsuit alleging violations of his constitutional rights, a motion for appointment of counsel, and a pleading captioned as a "Motion to Defer Payment." In the latter pleading, Reis asks the Court to allow him to "defer payment" of the $150.00 fee required for filing the civil action until he is placed on supervised release and can obtain meaningful employment. Reis states that he "fully intend[s]" to pay the entire filing fee but cannot do so at the time because he earns only $19.00 per month in his current work assignment at FMC Devens. Mot.

Defer at 1.

<u>DISCUSSION</u>

A party bringing a civil action must either (1) pay the $150.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings <u>in forma pauperis</u>). Where the plaintiff is a prisoner, an application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. <u>See</u> 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this Court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing at least the past six months' transactions. Because Reis has not submitted a certified prison account statement, he shall be granted additional time to do so.

The Court shall not entertain Reis's motion for appointment of counsel until Reis has paid the filing fee or the Court has granted Reis's motion to proceed without prepayment of the fee.

CONCLUSION

ACCORDINGLY, the plaintiff's application to proceed without prepayment of fees is denied without prejudice for the reasons stated above.

If Reis wishes to proceed with this action, he shall, within 42 days of the date of this order, either (1) submit the $150.00 filing fee; or (2) submit a new application to waive prepayment of the filing fee with a certified account statement for the six-month period immediately preceding the filing of this action.  If Reis fails to take either of these actions within the prescribed time period, this action will be dismissed without prejudice for failure to pay the filing fee. The Clerk is directed to send Reis an application to proceed without prepayment of fees and affidavit with this order.

Moreover, Reis is hereby put on notice that even if he complies with this Order and the Court grants his application to proceed without prepayment of the filing fee, he will nevertheless be required to pay the full amount of the filing fee, see 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis), a responsibility which Reis has already indicated he will fulfill.  Based on the information contained in the account statement, the Court

3

will direct the appropriate prison official to withdraw an
initial partial payment from Reis's account, followed by
payments on a continuing monthly basis until the entire
$150.00 filing fee is paid in full.  See 28 U.S.C.
§ 1915(b)(1)-(2).

SO ORDERED.

Dated at Boston, Massachusetts, this  24  day of  February , 2005

/s/ George A. O'Toole, Jr.
UNITED STATES DISTRICT JUDGE