UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No. 05-CV-40022-GAO

| Joarez Reis | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| City of Hyannis, County of Barnstable, | ) |
| Police Department of the City of Hyannis, | ) |
| Trooper Richard Casgrove and Anonymous | ) |
| Officers of the Police Department of the | ) |
| City of Hyannis, | ) |
| Defendants | ) |

## STATEMENT OF THE CASE

This is a civil rights action brought by a pro se inmate pursuant to 42 U.S.C., § 1983 against a member of the Massachusetts State Police based on certain alleged violations of the plaintiff's rights as due him under the Fourth Amendment.

## STATEMENT OF THE FACTS

On June 6, 2001, Joarez Reis's home was searched by the defendant, Trooper Richard Cosgrove (See Exhibit A and Complaint at ¶¶ 10-16). Cosgrove was acting pursuant to a warrant that had been issued in May 2001 (See Complaint at ¶¶ 10, 11 and Exhibit A). On June 6, 2001 when the plaintiff's home was being searched by Trooper Cosgrove, Mr. Reis objected to certain parts of the search as exceeding the scope of the search warrant and as violating his constitutional rights (See Complaint at ¶¶ 12, 14, 16, 17, 18 and 19). Despite Mr. Reis's repeated vocal objections to Trooper Cosgrove's search of areas and items not listed in the search warrant, Trooper Cosgrove continued his search of those areas (See Complaint at ¶ 12). Items that were seized from Mr. Reis's home and which were not listed in the search warrant were used by the government to

1

enhance a sentence Mr. Reis received in a criminal proceeding that the United States of America brought against him (See Complaint at ¶ 18).

On January 21, 2005 the plaintiff entered this complaint in the United States District Court for the District of Massachusetts (See Docket Entry # 1, attached hereto as Exhibit B).

## ATTACHMENT OF THE SEARCH WARRANT IS PERMITTED UNDER FED. R. CIV. P. 10(C)

While not part of the complaint filed in this action, the search warrant which authorized the search of the plaintiff's home is referred to in the complaint and is central to the plaintiff's complaint. Pursuant to Fed. R. Civ. P. 10(C) and Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) the defendant may attach a written instrument referred to in the complaint, if it is indisputably authentic and central to the claim. The affidavit, which states the date it was executed, is central to the plaintiff establishing when the events occurred and is properly before this court as part of the original complaint.

## LAW AND ARGUMENT

Mr. Reis failed to file his complaint within the applicable three year statute of limitations and, therefore, his complaint must be dismissed as a matter of law. Under the Supreme Court rulings in Wilson v. Garcia, 471 U.S. 261 (1985) and Owens v. Okure, 488 U.S. 235, 236 (1989), a § 1983 action is governed by the statue of limitations for general personal injury claims in the state where the § 1983 claim is filed. In Massachusetts the general tort statute of limitations is three years, G. L. c. 260, § 2A[1];

---

[1] G.L. c.260, §2A Tort, contract to recover for personal injuries, and replevin actions LIMITATION OF PERSONAL ACTIONS

2

therefore, Reis's § 1983 claim, filed on January 21, 2005, was too late. Federal law controls the determination of when the cause of action accrues, Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994). The date when the § 1983 action accrues is determined as a matter of Federal law and the claim in a § 1983 claim accrues when a plaintiff knows or has reason to know of his injury, Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990), Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001); Riley v. Presnell, 565 N.E.2d 780, 784, 409 Mass. 239, 243 (1991). Here, it is clear that this plaintiff knew of the unconstitutional actions of the defendant at the time they were occurring on June 6, 2001 and that he voiced his objection to them as the violations were occurring (See Complaint at ¶ 16). Based on the complaint, it is clear that the statute of limitations expired on June 6, 2004 and not on January 21, 2005.

The fact that Mr. Reis claims some continuing harm from the seizure through the use of those documents in a criminal sentencing procedure does not act to toll the statute. The use of evidence in a criminal proceeding that is seized in a manner that violates a defendant's Fourth Amendment rights, does not give rise to a § 1983 action as the Federal civil rights statute does not punish government officials for uncovering criminal conduct, Townes v. City of New York, 176 F.3d 138 (2nd Cir. 1999). The only remedy a criminal defendant would have for a violation of his Fourth Amendment rights which uncovers evidence of criminal wrongdoing would be by way of the Exclusionary Rule. The plaintiff cannot recover for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution, Townes 176 F.3d at 148.

---

Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

## **RELIEF REQUESTED**

Based on the foregoing, it is respectfully requested that this honorable court dismiss, with prejudice and costs, the above complaint for its failure to state a claim upon which relief may be granted.

                Respectfully submitted,
                The defendant,
                Trooper Richard W. Cosgrove,
                By his attorneys,

                LAW OFFICES OF TIMOTHY M. BURKE

                /s/ Joseph G. Donnellan
                Joseph G. Donnellan, Esquire
                BBO #558060
                160 Gould Street, Suite 111
                Needham, MA 02494
                (781) 455-0707