UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joarez Reis,<br>  Plaintiff,<br><br>v.<br><br>City of Hyannis, Massachusetts, County of Barnstable, Massachusetts, Police Department of The City of Hyannis, Massachusetts Trooper Richard Casgrove, Massachusetts State Police Officer, in his individual and official capacity, Anonymous Officers of the Police Department of the City of Hyannis, in their individual and Official capacities,<br>  Defendants. | Civil Action No.  05-40022-GAO |

**DEFENDANTS, CITY OF HYANNIS, POLICE DEPARTMENT OF THE CITY OF HYANNIS AND ANONYMOUS OFFICERS OF THE POLICE DEPARTMENT OF THE CITY OF HYANNIS, ANSWER AND JURY DEMAND**

  Defendants, City of Hyannis, Police Department of the City of Hyannis, and Anonymous Officers of the Police Department of the City of Hyannis (collectively "defendants") answer Plaintiff, Joarez Reis's, Complaint by corresponding paragraphs as follows:

I.  PARTIES

  A.  Defendants are without sufficient information or knowledge to admit or deny.

  B.  Denied.

  C.  Denied.

  D.  Denied.

  E.  Defendants are without sufficient information or knowledge to admit or deny.

  F.  Denied.

II.    STATEMENT OF THE CLAIM

    (1)    Defendants are without sufficient information or knowledge to admit or deny.

    (2)    Defendants are without sufficient information or knowledge to admit or deny.

    (3)    Defendants are without sufficient information or knowledge to admit or deny.

    (4)    Denied.

    (5)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (6)    Defendants are without sufficient information or knowledge to admit or deny.

    (7)    Defendants are without sufficient information or knowledge to admit or deny.

    (8)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (9)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (10)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (11)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (12)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (13)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (14)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (15)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (16)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (17)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(18)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(19)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(20)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(21)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(22)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(23)   Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

III.  <u>RELEIF</u>

Defendants deny that plaintiff is entitled to relief as stated in this paragraph.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Process and service of process are insufficient.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff fails to state a claim upon which relief can be granted.

<u>THIRD AFFIRMATIVE DEFENSE</u>

This Court lacks subject matter jurisdiction.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The named defendant police officers are immune from liability and suit based upon the doctrine of qualified immunity. Defendant police officers were at all time acting within the scope of their discretionary authority and with the reasonable, good faith belief that their actions were lawful.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the Defendants under 42 U.S.C. §1983.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the Defendant Officers that Defendant Officers deprived plaintiff of his Federal Constitutional and statutory rights while under color of law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent sufficient to bar recovery; should plaintiff be allowed to recover, which defendants oppose, said recovery shall be reduced pro rata to the percentage of plaintiff's own negligence.

### EIGHTH AFFIRMATIVE DEFENSE

If the plaintiff was injured or damaged as alleged, which is denied, it was not as a result of the acts or omissions of any of the defendants or anyone for whom the defendants are legally liable or responsible.

### NINTH AFFIRMATIVE DEFENSE

Punitive damages are not appropriate as against the defendants.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing.

### ELEVENTH DEFENSE

Defendants did not act recklessly or with callous indifference in regards to plaintiff's Federal Constitutional rights.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to make proper presentment of the claim, under G.L. ch. 258, thereby barring recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to join an indispensable party.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

The defendants were misnamed.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to state a claim upon which relief can be granted against the Defendants  City of Hyannis and Police Department of the City of Hyannis that Defendants deprived plaintiff of his Federal Constitutional and statutory rights while under color of law.

WHEREFORE, Defendants City of Hyannis, Police Department of the City of Hyannis and Anonymous Offices of the Hyannis Police Department demand that plaintiff's complaint be dismissed and that defendants be awarded its costs and attorney fees in defense of this complaint.

## **JURY DEMAND**

Defendants demand a trial by jury on all counts and issues so triable.

> Defendants,
> CITY OF HYANNIS, POLICE DEPARTMENT OF THE CITY OF HYANNIS AND ANONYMOUS OFFICERS OF THE HYANNIS POLICE DEPARTMENT,
> By their attorneys,
>
> _____
> David M. Thomas, BBO No. 496100
> Jessica L. Mooney, BBO No. 658822
> DONOVAN HATEM LLP
> Two Seaport Lane
> Boston, MA  02210
> 617-406-4500

Dated:

00902958.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joarez Reis,<br>    Plaintiff,<br><br>v.<br><br>City of Hyannis, Massachusetts, County of Barnstable, Massachusetts, Police Department of The City of Hyannis, Massachusetts Trooper Richard Casgrove, Massachusetts State Police Officer, in his individual and official capacity, Anonymous Officers of the Police Department of the City of Hyannis, in their individual and Official capacities,<br>    Defendants. | Civil Action No. 05-40022-GAO |

**DEFENDANTS, CITY OF HYANNIS, POLICE DEPARTMENT OF THE CITY OF HYANNIS AND ANONYMOUS OFFICERS OF THE POLICE DEPARTMENT OF THE CITY OF HYANNIS, ANSWER AND JURY DEMAND**

Defendants, City of Hyannis, Police Department of the City of Hyannis, and Anonymous Officers of the Police Department of the City of Hyannis (collectively "defendants") answer Plaintiff, Joarez Reis's, Complaint by corresponding paragraphs as follows:

I. PARTIES

    A.    Defendants are without sufficient information or knowledge to admit or deny.

    B.    Denied.

    C.    Denied.

    D.    Denied.

    E.    Defendants are without sufficient information or knowledge to admit or deny.

    F.    Denied.

II. **STATEMENT OF THE CLAIM**

    (1)    Defendants are without sufficient information or knowledge to admit or deny.

    (2)    Defendants are without sufficient information or knowledge to admit or deny.

    (3)    Defendants are without sufficient information or knowledge to admit or deny.

    (4)    Denied.

    (5)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (6)    Defendants are without sufficient information or knowledge to admit or deny.

    (7)    Defendants are without sufficient information or knowledge to admit or deny.

    (8)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (9)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (10)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (11)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (12)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (13)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (14)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (15)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (16)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

    (17)    Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(18) Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(19) Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(20) Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(21) Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(22) Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

(23) Defendants are without sufficient information or knowledge to admit or deny. To the extent that an answer is required, denied.

III.  RELEIF

Defendants deny that plaintiff is entitled to relief as stated in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Process and service of process are insufficient.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The named defendant police officers are immune from liability and suit based upon the doctrine of qualified immunity. Defendant police officers were at all time acting within the scope of their discretionary authority and with the reasonable, good faith belief that their actions were lawful.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the Defendants under 42 U.S.C. §1983.

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the Defendant Officers that Defendant Officers deprived plaintiff of his Federal Constitutional and statutory rights while under color of law.

#### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent sufficient to bar recovery; should plaintiff be allowed to recover, which defendants oppose, said recovery shall be reduced pro rata to the percentage of plaintiff's own negligence.

#### EIGHTH AFFIRMATIVE DEFENSE

If the plaintiff was injured or damaged as alleged, which is denied, it was not as a result of the acts or omissions of any of the defendants or anyone for whom the defendants are legally liable or responsible.

#### NINTH AFFIRMATIVE DEFENSE

Punitive damages are not appropriate as against the defendants.

#### TENTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing.

#### ELEVENTH DEFENSE

Defendants did not act recklessly or with callous indifference in regards to plaintiff's Federal Constitutional rights.

#### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to make proper presentment of the claim, under G.L. ch. 258, thereby barring recovery.

#### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party.

FIFTEENTH AFFIRMATIVE DEFENSE

The defendants were misnamed.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against the Defendants City of Hyannis and Police Department of the City of Hyannis that Defendants deprived plaintiff of his Federal Constitutional and statutory rights while under color of law.

WHEREFORE, Defendants City of Hyannis, Police Department of the City of Hyannis and Anonymous Offices of the Hyannis Police Department demand that plaintiff's complaint be dismissed and that defendants be awarded its costs and attorney fees in defense of this complaint.

**JURY DEMAND**

Defendants demand a trial by jury on all counts and issues so triable.

Defendants,
CITY OF HYANNIS, POLICE
DEPARTMENT OF THE CITY OF
HYANNIS AND ANONYMOUS
OFFICERS OF THE HYANNIS POLICE
DEPARTMENT,
By their attorneys,

/s/ Jessica L. Mooney
David M. Thomas, BBO No. 496100
Jessica L. Mooney, BBO No. 658822
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Dated:

00902958.