# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:05-cv-40022-GAO

*EXhIT A*

Reis v. City of Hyannis, Massachusetts et al
Assigned to: Judge George A. O'Toole, Jr
Demand: $1000000
Related Case: 1:03-cr-10213-GAO
Cause: 42:1983 Civil Rights Act

Date Filed: 01/21/2005
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Joarez Reis**

represented by **Joarez Reis**
56638-004
FMC Devens
PO Box 879
Ayer, MA 01432
PRO SE

V.

**Defendant**

**City of Hyannis, Massachusetts**

**Defendant**

**County of Barnstable, Massachusetts**

**Defendant**

**Police Department of the City of Hyannis, Massachusetts**

**Defendant**

**Trooper Richard Casgrove**
*Massachusetts State Police Officer, in his individual and Official capacity*

**Defendant**

**Anonymous Officers of the Police Department of the city of Hyannis**
*in their individual adn Official capacities*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2005 | 1 | COMPLAINT against City of Hyannis, Massachusetts, County of Barnstable, Massachusetts, Police Department of the City of Hyannis, Massachusetts, Trooper Richard Casgrove, Anonymous Officers of the Police Department of the city of Hyannis Filing fee: $ 0.0. receipt |

| | | number NA, filed by Joarez Reis.(Hassett, Kathy) (Entered: 01/31/2005) |
|---|---|---|
| 01/21/2005 | ●2 | MOTION for Leave to Proceed in forma pauperis by Joarez Reis. (Hassett, Kathy) (Entered: 01/31/2005) |
| 01/21/2005 | ●3 | MOTION to Appoint Counsel by Joarez Reis.(Hassett, Kathy) (Entered: 01/31/2005) |
| 02/14/2005 | ●4 | Coverletter/request (non-motion) from Joarez Reis. (Attachments: # 1 Civil Cover Sheet and Category Sheet)(Jenness, Susan) (Entered: 02/24/2005) |
| 02/24/2005 | ●5 | Judge George A. O'Toole Jr.: ORDER entered denying without prejudice 2 Motion for Leave to Proceed in forma pauperis. If Reis wishes to proceed with this action, he shall, within 42 days of the date of this order, either (1) submit the $150.00 filing fee; or (2) submit a new application to waive prepayment of the filing fee with a certified account statement for the six-month period immediately preceding the filing of this action. If Reis fails to take either of these actions within the prescribed time period, this action will be dismissed without prejudice for failure to pay the filing fee. (McGlamery, Jeanette) (Entered: 02/25/2005) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-40022-GAO

| | |
|---|---|
| Joarez Reis<br>Plaintiff,<br><br>v.<br><br>City of Hyannis, County of Barnstable,<br>Police Department of the City of Hyannis,<br>Trooper Richard Casgrove and Anonymous<br>Officers of the Police Department of the<br>City of Hyannis,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT RICHARD W. COSGROVE'S MOTION TO DISMISS PURSUANT TO FED. RULE CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

## DEFENDANT REQUESTS A HEARING ON THIS MOTION

NOW comes the defendant, Richard W. Cosgrove, and moves this honorable court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice and costs the above captioned complaint as it fails to state a claim upon which relief may be granted because the plaintiff failed to file the complaint within the applicable three year statute of limitations.

In support the defendant offers the attached memorandum of law.

CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that a copy of the foregoing NOTICE OF APPEARANCE was sent via first class mail, postage prepaid to the following:


Joarez Reis
Reg: 56638-004
FMC Devens/Camp
P. O. Box 879
Ayer, Massachusetts 01432

Jessica Mooney, Esq.
Donovan Hatem
2 Seaport Lane
Boston, MA 02210

Date:                                    Joseph G. Donnellan, Esquire

# LAW OFFICES OF TIMOTHY M. BURKE

**NEEDHAM CORPORATE CENTER**
160 Gould Street, Suite 111
Needham, Massachusetts 02494-2300
(781) 455-0707
Facsimile  (781) 455-8879

*Timothy M. Burke*
*Joseph P. Kittredge*
*Sheila E. McCravy*
*Scott W. Dunlap*
*Suzanne T. Caravaggio*

*<u>Of Counsel</u>*
*Brian J. Rogal*
*Joseph G. Donnellan*

March 18, 2005

Joarez Reis
Reg: 56638-004
FMC Devens/Camp
P.O. Box 879
Ayer, MA 01432

Dear Mr. Reis:

     RE:   *Reis v. Hyannis, Cosgrove, et al.*
             *USDC C.A. # 05-40022*

    Enclosed please find my Notice of Appearance filed on behalf of Trooper Richard Cosgrove along with a Motion to Dismiss that I plan on filing in the United States District Court on Friday, March 25, 2005. Kindly contact me should you wish to discuss the issues I raise in the attached motion.

    Please be advised that I am not allowed to receive collect phone calls.

    Thank you.

                      Very truly yours,

                      Joseph G. Donnellan

JGD/mar

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-40022-GAO

| | |
|---|---|
| Joarez Reis<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| City of Hyannis, County of Barnstable,<br>Police Department of the City of Hyannis,<br>Trooper Richard Casgrove and Anonymous<br>Officers of the Police Department of the<br>City of Hyannis,<br>Defendants | )<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF APPEARANCE

NOW come Joseph G. Donnellan and the LAW OFFICES OF TIMOTHY M.

BURKE and hereby give notice of their appearance in this matter on behalf of the

defendant, Trooper Richard W. Cosgrove.

Respectfully submitted,
The defendant,
Trooper Richard W. Cosgrove,
By his attorneys,

LAW OFFICES OF TIMOTHY M. BURKE

Joseph G. Donnellan, Esquire
BBO #558060
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-070

# LAW OFFICES OF TIMOTHY M. BURKE

NEEDHAM CORPORATE CENTER
160 Gould Street, Suite 111
Needham, Massachusetts 02494-2300
(781) 455-0707
Facsimile (781) 455-8879

*Timothy M. Burke*
*Joseph P. Kittredge*
*Sheila E. McCravy*
*Scott W. Dunlap*
*Suzanne T. Caravaggio*

*Of Counsel*
*Brian J. Rogal*
*Joseph G. Donnellan*

March 18, 2005

United States District Court
Harold D. Donahue Federal Bldg. & Cthse.
Civil Clerk's Office
595 Main Street
Worcester, MA 01608

RE:   *Reis v. Hyannis, Cosgrove, et al.*
      *USDC C.A. # 05-40022*

Dear Sir or Madam:

Enclosed please find for filing the following document with regard to the above-referenced matter:

- Notice of Appearance.

Thank you for your attention to this matter.

Very truly yours,

Joseph G. Donnellan

JGD/mar
Enclosure

QAO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

**ATTACHMENT 8**

TO:   JOAREZ REIS
<br>                   (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I,  RICHARD CASGROVE             , acknowledge receipt of your request
<br>              (DEFENDANT NAME)

that I waive service of summons in the action of    42 U.S.C. § 1983 ,
<br>                                          (CAPTION OF ACTION)

which is case number    05-40022           in the United States District Court
<br>                       (DOCKET NUMBER)

for the                  District of   MASSACHUSETTS .

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after    *FEB 23rd, 2005* ,
<br>                                                  (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

*March 27, 2005*
<br>————————————————
<br>(DATE)

*(signature)*

Printed/Typed Name:  *Joseph G. Donnellan*

As *Attorney*     of *Richard Cosgrove*
<br>      (TITLE)               (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-40022-GAO

| | |
|---|---|
| Joarez Reis | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| City of Hyannis, County of Barnstable, | ) |
| Police Department of the City of Hyannis, | ) |
| Trooper Richard Casgrove and Anonymous | ) |
| Officers of the Police Department of the | ) |
| City of Hyannis, | ) |
| Defendants | ) |

## STATEMENT OF THE CASE

This is a civil rights action brought by a pro se inmate pursuant to 42 U.S.C., §

1983 against a member of the Massachusetts State Police based on certain alleged

violations of the plaintiff's rights as due him under the Fourth Amendment.

## STATEMENT OF THE FACTS

On June 6, 2001, Joarez Reis's home was searched by the defendant, Trooper

Richard Cosgrove (See Exhibit A and Complaint at ¶¶ 10-16). Cosgrove was acting

pursuant to a warrant that had been issued in May 2001 (See Complaint at ¶¶ 10, 11 and

Exhibit A). On June 6, 2001 when the plaintiff's home was being searched by Trooepr

Cosgrove, Mr. Reis objected to certain parts of the search as exceeding the scope of the

search warrant and as violating his constitutional rights (See Complaint at ¶¶ 12, 14, 16,

17, 18 and 19). Despite Mr. Reis's repeated vocal objections to Trooper Cosgrove's

search of areas and items not listed in the search warrant, Trooper Cosgrove continued

his search of those areas (See Complaint at ¶ 12). Items that were seized from Mr. Reis's

home and which were not listed in the search warrant were used by the government to

enhance a sentence Mr. Reis received in a criminal proceeding that the United States of America brought against him (See Complaint at ¶ 18).

On January 21, 2005 the plaintiff entered this complaint in the United States District Court for the District of Massachusetts (See Docket Entry # 1, attached hereto as Exhibit B).

## ATTACHMENT OF THE SEARCH WARRANT IS PERMITTED UNDER FED. R. CIV. P. 10(C)

While not part of the complaint filed in this action, the search warrant which authorized the search of the plaintiff's home is referred to in the complaint and is central to the plaintiff's complaint. Pursuant to Fed. R. Civ. P. 10(C) and Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) the defendant may attach a written instrument referred to in the complaint, if it is indisputably authentic and central to the claim. The affidavit, which states the date it was executed, is central to the plaintiff establishing when the events occurred and is properly before this court as part of the original complaint.

## LAW AND ARGUMENT

Mr. Reis failed to file his complaint within the applicable three year statute of limitations and, therefore, his complaint must be dismissed as a matter of law. Under the Supreme Court rulings in Wilson v. Garcia, 471 U.S. 261 (1985) and Owens v. Okure, 488 U.S. 235, 236 (1989), a § 1983 action is governed by the statue of limitations for general personal injury claims in the state where the § 1983 claim is filed. In Massachusetts the general tort statute of limitations is three years, G. L. c. 260, § 2A[1];

---

[1] G.L. c.260, §2A Tort, contract to recover for personal injuries, and replevin actions LIMITATION OF PERSONAL ACTIONS

therefore, Reis's § 1983 claim, filed on January 21, 2005, was too late. Federal law controls the determination of when the cause of action accrues, <u>Guzman-Rivera</u> v. <u>Rivera-Cruz</u>, 29 F.3d 3, 5 (1st Cir. 1994).. The date when the § 1983 action accrues is determined as a matter of Federal law and the claim in a § 1983 claim accrues when a plaintiff knows or has reason to know of his injury, <u>Rodriguez Narvaez</u> v. <u>Nazario</u>, 895 F.2d 38, 41 n.5 (1st Cir. 1990), <u>Nieves</u> v. <u>McSweeney</u>, 241 F.3d 46, 52 (1st Cir. 2001); Riley v. Presnell, 565 N.E.2d 780, 784, 409 Mass. 239, 243 (1991). Here, it is clear that this plaintiff knew of the unconstitutional actions of the defendant at the time they were occurring on June 6, 2001 and that he voiced his objection to them as the violations were occurring (See Complaint at ¶ 16). Based on the complaint, it is clear that the statute of limitations expired on June 6, 2004 and not on January 21, 2005.

The fact that Mr. Reis claims some continuing harm from the seizure through the use of those documents in a criminal sentencing procedure does not act to toll the statute. The use of evidence in a criminal proceeding that is seized in a manner that violates a defendant's Fourth Amendment rights, does not give rise to a § 1983 action as the Federal civil rights statute does not punish government officials for uncovering criminal conduct, <u>Townes v. City of New York</u>, 176 F.3d 138 (2nd Cir. 1999). The only remedy a criminal defendant would have for a violation of his Fourth Amendment rights which uncovers evidence of criminal wrongdoing would be by way of the Exclusionary Rule. The plaintiff cannot recover for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution, <u>Townes</u> 176 F.3d at 148.

---

Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

## RELIEF REQUESTED

Based on the foregoing, it is respectfully requested that this honorable court dismiss, with prejudice and costs, the above complaint for its failure to state a claim upon which relief may be granted.

Respectfully submitted,
The defendant,
Trooper Richard W. Cosgrove,
By his attorneys,

LAW OFFICES OF TIMOTHY M. BURKE

_____
Joseph G. Donnellan, Esquire
BBO #558060
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

## CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that a copy of the foregoing NOTICE OF APPEARANCE was sent via first class mail, postage prepaid to the following:

Joarez Reis
Reg: 56638-004
FMC Devens/Camp
P. O. Box 879
Ayer, Massachusetts 01432

Jessica Mooney, Esq.
Donovan Hatem
2 Seaport Lane
Boston, MA 02210

_____
Joseph G. Donnellan, Esquire

Date:

UNITED STATES DISTRICT COURT

FOR    THE

DISTRICT OF MASSACHUSETTS

Joarez Reis, Plaintiff                    )
     v.                                  )    CIVIL RIGHTS ACTION UNDER
City of Hyannis, County of Barnstable,    )    42 U.S.C. § 1983
Police Department of the Dity of Hyannis, )
Trooper Richard Cosgrove and Anonymous    )    Case No.: 05-40022-GAO
Police Officers of the Police Department  )
of the City of Hyannis,  Defendants       )

MEMORANDUM IN SUPPORT OF PLAINTIFF'S NOTICE TO
OBJECT TO DEFENDANT RICHARD COSGROVE'S MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED

I N T R O D U C T I O N

On January 21, 2005 the plaintiff filed this complaint with the United States District Court for the District of Massachusetts, in Boston, Massachusetts, (See Docket Entry # 1, as Exhibit A), pro se, pursuant to 42 U.S.C. § 1983 against defendant Richard Cosgrove, et al, asserting that the defendant Richard Cosgrove, et al, while administrating a specific search warrant, violated the plaintiff's Fourth Amendment rights to be free from unreasonable search and seizures, which provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

S T A T E M E N T   O F   T H E   F A C T S

The plaintiff was engaged in the business of providing services to the

Brazilian community (mostly illegal immigrants), in connection with their I.N.S. filings and to some of them, preparation of their state and federal taxes.

The plaintiff who is a law graduate and an accountant in Brazil, acquired knowledge in immigration matters and preparation of state and federal taxes through researches, <u>and when solicited</u>, would assist these individuals with their immigration cases, filing of state and federal taxes and other personal issues.

The plaintiff, among other things, would provide help to these individuals with their citizenship filings, adjustment of status, extension of visas, legalization through labor certification, asylum claims, etc., in the majority of these cases, with the assistance of immigration lawyers from Cape Cod and Boston area.

In year 2000, upon a complaint, the defendant Richard Cosgrove, a Massachusetts State Police Officer, in his capacity of law enforcement agent, together with a Massachusetts Department of Revenue Officer, arrived at the plaintiff's residence located at 16 Fresh Holes Road, Hyannis, Massachusetts, inquiring about a possible case of fraud, involving the plaintiff and one of his client, in regards to a state refund check, or checks, allegedly deposited in plaintiff's bank account.

The requested information was provided by the plaintiff at that time, and due to the seriousness of the complaint, the plaintiff requested that a second meeting be held with the plaintiff's attorney present, at his office in the village of Barnstable, Massachusetts. Such meeting took place from two or three weeks later, and full explanation of facts was again provided to both defendant Richard Cosgrove and the D.O.R.'s special agent.

Eight months later, in June 6, 2001, the defendant Richard Cosgrove, acting as a supervising agent, accompanied by the D.O.R.'s special agent, together with a Federal Agent and several police officers of the City of Hyannis, or the County of Barnstable, or the Town of Barnstable, State of Massachusetts, appeared at

at the plaintiff's residence in the City of Hyannis, around 7:30 a.m. with a specific search warrant authorizing the search and seizure of tax documents and documents related to preparation of taxes.

Defendant Richard Cosgrove, a law enforcement agent with large experience in administrating search and seizure of properties, grossly exceeding the scope of the search warrant which authorized search and seizure of tax documents, seized plaintiff's immigration documents of individuals seeking legal status in the United States, which were under the plaintiff's watch for immigration follow-up, amounting to more than four hundred complete personal files, all outside the particularity of search warrant, acting with total disregard for the terms of the warrant, depriving the plaintiff of his constitutional or statutory rights in violation of the Fourth Amendment, alleging that he was going to seize all documents from plaintiff's home office  because (1) there were too many documents and papers to go through and (2) maybe, the Immigration and Naturalization Service agents would like to take a look at the immigration files for wrongdoing, clearly showing his desire to search for addtitional incriminating evidence, despite the terms of the search warrant authorizing search and seizure of tax documents.

The defendant Richard Cosgrove, the executing officer in charge, understood that he had an unlimited power to do whatever he pleased, without contemplating the plaintiff's rights guaranteed by the United States Constitution.  The plaintiff repeatedly stated that the immigration files belonged to third parties seeking permanent or temporary status in the United States and that they should not be removed from the premises. The defendant Richard Cosgrove, et al, acting under color of state law, did not pay attention to plaintiff's protests and seized all immigration files, aware that he did not have a warrant to search and seize immigration documents, totally disregarding the seriousness of such documents and the consequences and impact these immigrants seeking legalization or temporary legal status in the United States, would have by illegally having them removed and seized.   The defendant Richard Cosgrove, et al, engaged in a warrantless

search and seizure of property protected by the United States Constitution, knowing that <u>no exception</u> to the warrant requirement applied, "conducting a wholesale seizure of plaintiff's home office property amounting to a fishing expedition for the discovery of incriminating evidence", by seizing everything in sight, in a effort to uncover evidence of additional wrongdoing, if he was acting in accord with a "standard procedure". After this unreasonable search and seizure of immigration documents, immigration charges were submitted into evidence against the plaintiff. Further, few months later, many of these illegal immigrants who were the plaintiff's clients, had their residences raided by I.N.S. agents, arrested and deported from the United States, due to their failure to appear at their scheduled immigration court hearings and had their cases decided in an "in absentia" decision.  These individuals failed to appear at their scheduled hearings (1) for not knowing their scheduled dates and (2) for fear of deportation at the hearings, due to the search and seizure of their legal documents by the defendant Richard Cosgrove, et al.

In plaintiff's criminal case (No. 03-10213-GAO), pled guilty to immigration charges, because it became impossible to plaintiff to prove beyond a reasonable doubt that the "fruits" of the unconstitutional seized documents were used to lead the U.S. Government Attorney to prosecute the plaintiff, alleging that independent sources were used to indictment of plaintiff on immigration charges, only because he was aware of the unreasonable search and seizure executed by the Massachusetts state police, et al, and with knowledge that "tainted" evidence could be easily suppressed by the filing of a motion to suppress. The plaintiff as a defendant in his criminal case, with a court appointed attorney to represent him, would be prejudiced to prove beyond a reasonable doubt that the fruits were used to indict the plaintiff.  In addition, too much harm had already been inflicted to a large number of innocent hard work immigrants and a jury trial would further deteriorate their current situation by being subpoenaed and providing testimony as witnesses whether or not in favor of plaintiff.

pg 4.

The defendant Richard Casgrove, a well-trained officer by his own admission, acting under color of state law, with evil motive and intent, and with no feelings or emotions to the federally protected rights of others, violated the plaintiff's right to be secure in his own home against unreasonable searches and seizures, being liable to punitive damages in his individual and official capacity, in order to curb future violations. Plz see Mothley v. Rundle, E.D.Pa. 1972,340 F.Supp. 807.

The evil the plaintiff addresses, was the use of an otherwise valid warrant to conduct a general search, with flagrant disregard for its terms, as Justice Brandeis, dissenting, said in Olmstead v. U.S.:

> "Our governemnt is the potent, the omnipresent teacher. For good
> or for ill, it teaches the whole people by its exemple.
> ***If the government becomes the lawbreaker, it breaches contempt
> for law; It invites every man to become a law unto himself;
> It invites anarchy!."

Standing to invoke the rule that has been limited to cases in which the prosecution seeks to use the fruits of an illegal search and seizure against the victims of police misconduct. Further, "freeedom from unreasonable searches and seizures is a substantial protection available to all inhabitants of the United States , whether or not charged witht he crime.

The right to be free from unreasonable searches and seizures originates in the Fourth Amendment and is applied to the states through the Fourteenth Amendment due process clause. See Wolf v. Colorado 338 U.S. 25, 69 S.Ct.1359 93 L.Ed.1782 (1949).

## P U N I T I V E   D A M A G E S

The award of punitive damages is consistent witht he purpose of §1983 when such an award will act to deter future agregious conduct in violation of constitutuional rights. Smith v. Wade, 461 U.S. 30 103 S.Ct.1625, 1628 75 L.Ed.2d 632(1983); Newport v. Fact Concerts, Inc. 453 U.S. 247  101 S.Ct.2748, 69 L.Ed.2d

616 (1981).  In Smith, the court clarified the standard for awarding punitive damages, holding that such damages could be assessed when the defendant's conduct involved reckless or callous indifference to the federally protected rights of others. Id. at 103 S.Ct. 1640.

Punitive damages may be awarded in action under this section, when defendant has acted willfully and in gross disregard for rights of complaining party, or when the defendant has acted in bad faith or for an improper motive,even though behaving like a gentleman. Lykken v. Vvreck, D.C. Minn. 1973, 366 F.Supp.585.

## T H E    S E A R C H

A warrant is valid under the Fourth Amendment only where it is based "upon probable cause, supported by oath or affirmation, and particularly describ[es] the place to be searched, and the persons or things to be seized." U.S.Const.IV.

In City of Canton v. Harris 489 U.S. 378,  109 S.Ct.1197, 103 L.Ed.2d 412 (1989), the court held that the inadequacy of police training may serve as the basis for § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id at 388, 109 S.Ct. at 1205.

## C L A I M S   A G A I N S T   T H E   C I T Y

Claims against the City are valid when "have wrongfully neglected to ensure against illegal and unconstitutional acts of their police officers to persons residing in the City, where the City has "duty to hire competent, capable and law abiding police officers.  Reeves v. City of Jackson, Miss.608 F.2d 644

Section 1983 action against a City official inhis or her official capacity is treated as an action against the City itself.  Barber v.City of Salem, 953 F.2d. 232,237 ( 6th cir 1992).

"[The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference

to right of persons with whom the police come into contact .]" City of Canton

v. Harris, 489 U.S. 378,388  109 S.Ct.1197, 1204  103 L.Ed.2d 412 (1989).

In Walker v. City of N.Y. 974 F.2d 293, 295 ‖ II, the Court of Appeals

stated:  This appeal requires us to address a basic question of section 1983

litigation;  When are municipalities liable for the unconstitutional acts of

its employees?. Until 1978, the answer to that question was simple. NEVER.

See Monroe v. Pape, 365 U.S. 167 187  81 S.Ct. 473,484  5 L.Ed.2d.492 (1961).

In Monell v. N.Y. City Department of Social Services, 436 U.S.658  98 S.Ct.

2018, 56 L.Ed.2d.611 (1978), the Supreme Court overruled Monroe and declared

that Congress had not intended to exempt municipalities from liability in all

cases. Monell, 436 U.S. at 694  98 S.Ct.2037.

In 365 U.S. 167  5 L.Ed 2d 492  81 S.Ct.473, which held that municipalities

were not 'persons' for purpose of 42 U.S.C.§1983 (394 F.Supp.853). The United

States Court of Appeals for the Second District affirmed (532 F.2d 259).

On certiorari, teh United States Supreme Court reversed. In opinion by

Brennan, J., joined by Stewart, White, Marshall, Blackmun and Powell, JJ., and

joined in part (as to holdings 1 and 5 below) by Stevens, J., it was held that

(1) overruling Monroe v. Pape as having based on an erroneous interpretation

of the legislative history pertaining to 42 U.S.C. §1983, that local governments,

municipal corporations, and school boards were 'persons' subject to liability

§1983, and thus were not whole immune from §1983 suits; (2)that as 'persons'

subject to liability under §1983, local governing bodies could be sued directly

for monetary, declaratory, or injuctive relief where the action that was alleged

to be unconstitutional implemented a policy statement, ordinance, regulation,

or decision officially adopted by the body's officers, or where constitutional

deprivations were visited pursuant to governmental 'custom' , even though such

'custom' had not received formal approval through the body's decisionmaking

channels; (3) that local government officials sued in their official capacities

were 'persons' under §1983 in those cases in which a cola government would be

suable in its own name; (4) that a municipality could be held liable under § 1983 solely on a respondeat superior theory; and (5) that stare decisis did not bar the overruling of Monroe v. Pape insofar as it had held that municipalities were not § 1983 'persons', since (a) Monroe v. Pape was a departure from prior practice insofar as it completely immunized municipalities from §1983 suits, and was inconsistent with the Supreme Court decisions holding that school boards were liable under §1983,(b) municipalities could assert no "reliance claim" as having arranged their affair on an assumption that they could violate constitutional rights indefinitely, and (c) the legislative history pertaining to §1983 showed that Monroe v. Pape had misapprehended the meaning of the statute.

## S T A T U T E   O F   L I M I T A T I O N

The plaintiff has a constitutional protected right to petition the courts for redress of grievance. As the courts have recognized, "our constitutional system gives every citizen the right to seek redress in the courts, without fear that recourse to the law will make that citizen a target for retaliation." Please see 221 F.Supp 2d at 121.

The First Amendment to the U.S. Constitution provides, in relevant part: "Congress shall make no law...abridging the freedom of speech, or of the press, or to petition the government for a redress of grievance."

For decades, the Supreme Court has consistently recognized the right to petition all branches of the government, including the courts. Cal. Motor Transp. Co. v. Trucking Unltd, 404 U.S. 508,510, 92 S.Ct. 609 30 L.Ed2d 642 (1972), for redress of grievances as "among the most precious of the liberties safeguarded by the Bill of Rights." United Mine Workers, Dist.12 v. Ill. State Bar Ass'n, 389 U.S 217, 222, 88 S.Ct. 353, 19 L.Ed2d 426 (1967).

In Determining  the limitations period for a section 1983 claim, It is applied the applicable period provided by State laws, in this case, three-year Massachusetts personal injury limitation period. Burrell v. Newsome, 883 F2d 416, 418 (5th cir 1989).

In Determining when Plaintiff's cause for action accrued, however, federal law is applied. The federal standard provides that a cause of action under section 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

Plaintiff claims that the limitations period should be tolled until the date of his final release from prison on August 26, 2005, because of his imprisonment. The Supreme Court held that for section 1983 action, the use of the state law limitations period includes application of state tolling provisions for imprisonment. Hardin v. Staub 490 U.S. 536, 543, 109 S.Ct. 1998, 2003, 104 LEd 582 (1989).

In Pete v. Metcalfe, 8 F3d 214, under Texas law, limitations period on inmates' §1983 claim against police officer and District Attorney's office investigation started to run when inmate was first released on bail after arrest. Pete alleged he was prevented from filing his section 1983 action long before limitation expired.

In Bell v. Cooper and Louisville Police Dept, 881 F3d 257, the district court granted defendant's motion to dismiss and inmate appealed. Court of Appeals held that action was subject to state tolling action during period that inmate was in prison. It was held that the time of the confinement of the plaintiff in the penitenciary shall be counted as part of the period limited for the commencement of an action.

In Marks v. Parra, 785 F2d 1419, The Court of Appeals held that the Arizona tolling statute operated to suspend runing of the statute of limitations during inmate's period of confinement in prison, and thus the suit was timely.

In a §1983 action, Congress has specifically directed the courts, in the absence of controlling federal law, to apply State statutes of limitations and State tolling rules UNLESS they are inconsistent with the constitution and laws of the United States.

The plaintiff in this case, claims that this action should not be dismissed

because of plaintiff's absent evidence as to whether he knew or reasonably
should have known of their right to bring action under § 1983.  A period of
disability exists only until time that PERSON DISCOVERS RIGHT TO BRING ACTION
OR WITH EXERCISE OF REASONABLE DILIGENCE SHOULD HAVE DISCOVERED RIGHT TO
BRING ACTION. Vaughan v. Grijalva, 927 F2d 476 (9th cir 1991).

Question of when inmates bringing § 1983 action knew or reasonably should
have known of their rights to bring the actions, for limitations purposes, was
governed by state law; HOWEVER, point at which their causes of actions accrued,
was governed by <u>federal law</u>.

It is established the plaintiff's constitutional to bring this action. If
a person entitled to bring an action, is at the time the cause of action accrues
imprisoned, the period of such disability shal exist only until such time as the
person inprisoned DISCOVERS THE RIGHT to bring the action or with the exercise of
reasonable diligence should have discovered the right to bring the action.whichever
occurs first, and such person shall have the same time after the disability ceases
to exist which is allowed to others.

Although state law governs limitations period and tolling exceptions for
§1983 civil rights action, federal law governs when cause of action arises.
Burrel, 883 F2d at 418.  Under Federal law, acause of action arises "when the
plaintiff knows or has reason to know of the injury which is the basis of the
action. 611 F2d 1129,1131 ( 5th cir 1980).

In this present case, the plaintiff was prevented from exercise his legal
constitutional rights for being inprisoned. The time during which he is thus
prevented should not be counted against him in determining whether limitations
have barred his rights. Weisz v. Spin D.Oil and Gas Co., 664 S.W. 2d 423, 425
(Tex. Ct.App. 1983); Walker v. Hanes, 570 S.W. 2d 534, 540 (Tex. Ct.App.1978);
Cavit v. Amsler 242 S.W. 246,249 (Tex Ct. App.1922).

The plaintiff's argument is that the statute of limitation should be tolled
in this case, because of inprisonment, causing effective disability ro exercise

his constitutional rights guaranteed by federal statutes.

In Lake v. Arnold 232 F3d 360 (3rd Cir 2000), where the district court adopted the magistrate's recommendation that Pennsylvania's two-year statute of limitations for personal injury lawsuits governed both the Lake's state and federal claims. See Lake III.  While is agreeable that Pennsylvania's law bars the appellant's state law claims, the Court of Appeals disagreed with the district court's determination that the federal claims are also time-barred.  Although the Pennsylvania's statute of limitations is applied to the federal claims, federal tolling doctrine may be applicable to determine whether appellant's federal claims are timely. See Oshiver v. Levin, Fishein, Sedran & Berman, 38 F.3d 1380, 1387 (3d cir 1994) (Applying federal tolling to limitations period in employment discrimination case); Heck v. Humphrey, 997 F.2d 355, 357-58 ( 7th cir 1993).  Therefore, application of the federal tolling doctrine leads to conclude that the federal claims may not be barred.

As the court of appeals, in the case of lake v. Arnold, recognized in anylizing Lake's state claims in Part III.1, Pennsylvania statute of limitations requires all personal injury claims to be brought within a two-year time period and is not tolled for mental incompetence. Because Elizabeth Lake's sterilization occurred well outside this time frame, any injury she suffered would appear to be barred as untimely. This conclusion, however, is premature. We (Court of Appeals) must first determine whether the state's tolling provisions themselves conflict with federal law and policy, a question that is not squarely governed by WILSON and HARDIN.

The policies that motivated WILSON (471 U.S. at 268, 105 S.Ct.1938), uniformity, certainty, and the minimization of unnecessary litigation, do not frame the anylysis .because the concern is with the §1988's third prong: whether the state limitations statute conflicts with federal law and policy. See Hardin, 490 U.S. at 544, n. 14, 109 S.Ct. 1998 (concluding that WILSON's policies are "more pertinent to determine which state laws are appropriate than whether application of those laws fosters the policies of §1983.").

Pg 11

The legislature may reasonably have concluded that imprisonment, as a practical manner , is a sufficient impediment to a prisoner's ability to protest his rights through the judicial system.

No portion of a complaint stating, " A claim upon which relief may granted" should be dismissed by the screening mechanism of §1915A. This ground-legal sufficiency-"authorizes a court to dismiss a claim on the basis of a dispositive issue of law, Neitzke v. Williams, 490 U.S. 319, 326  109 S.Ct.1827 104 LEd 2d 338 (1989) (discussing standard of Federal Rule of Civil Procedure 12 (b)(6).

"The settled rule is that a complaint should not be dismissed for failure to state a claim UNLESS it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entile  him to relief. "McEachin, 357 F3d at 200 ( 2nd cir 2004).

 Summarizing, when  the plaintiff proceeds pro se , as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations. McEachin 359 F3d at 200, when the defendant Richard Cosgrove was aware of the risk that his actions would violate the federal right, which is not contested in his motion to dismiss attached.  A dismissal of such §1983 action is a denial of plaintiff's due process. Further, the plaintiff moves for reasonable costs. The availability of such award is intended to compensate prevailing plaintiffs for the time and expense required to vindicate their federally protected civil rights.  Auvin v. Fudala 621 F2d 45,47 ( 1st cir 1982).

## R E L I E F    R E Q U E S T E D

Because of the foregoing, the plaintiff,proceeding pro se, respectfully, request that this honorable court to grant plaintiff's right to trully exercise his constitutional rights because of the merits in it, or in the alternative, that this honorable court appoint counsel so that plaintiff's position may be adequately presented to the district court.

The plaintiff has been incarcerated since June 23, 2003. None of the facilities in which I was incarcerated, including the Federal Medical Center at Devens, Camp, have legal material relating to State of Massachusetts statutes or decisions available to inmates for legal research nor is there any procedure or method in place for an inmate to access such material. Therefore, I have been totally prevented from discovering the provisions of Massachusetts law that may apply to the prosecution of a section 1983 claim including but not limited to provisions relating to statutes of limitation and any exceptions there-to.

Respectfully submitted,

3/25/05
Date

Joarez Reis, Plaintiff, pro se.
B.O.P. Reg.: 56638-004
F.M.C. Devens/Camp
P.O.Box 879
Ayer, MA 01432

C E R T I F I C A T E   O F   S E R V I C E

I, Joarez Reis, the plaintiff, pro se, hereby certify that a copy of the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was sent via first class mail, postage pre-paid to:

Joseph G. Donnellan, Esq.
BBO # 558060
160 Gould Street, Suite 111
Needham, MA 02494
(781)455 0707

3/25/05
Date

Joarez Reis, Plaintiff, pro se.