UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No. 05-CV-40022-GAO

| | |
|---|---|
| Joarez Reis <br> Plaintiff, <br><br> v. <br><br> City of Hyannis, County of Barnstable, <br> Police Department of the City of Hyannis, <br> Trooper Richard Casgrove and Anonymous <br> Officers of the Police Department of the <br> City of Hyannis, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT RICHARD W. COSGROVE'S MEMORANDUM IN OPPOSITION TO THE MOTION OF THE PLAINTIFF FOR DISCOVERY

This procedural motion seeks to compel discovery in a civil rights action brought by a pro se inmate pursuant to 42 U.S.C., § 1983 against a member of the Massachusetts State Police based on certain alleged violations of the plaintiff's rights as due him under the Fourth Amendment. Trooper Richard Cosgrove has filed a motion to dismiss this action and for that and the reasons detailed below, he respectfully requests this court to deny the plaintiff's motion for discovery.

### STATEMENT OF THE FACTS

On June 6, 2001, Joarez Reis's home was searched by the defendant, Trooper Richard Cosgrove (See Exhibit A and Complaint at ¶¶ 10-16). Cosgrove was acting pursuant to a warrant that had been issued in May 2001 (See Complaint at ¶¶ 10, 11 and Exhibit A). On June 6, 2001 when the plaintiff's home was being searched by Trooper Cosgrove, Mr. Reis objected to certain parts of the search as exceeding the scope of the search warrant and as violating his constitutional rights (See Complaint at ¶¶ 12, 14, 16, 17, 18 and 19). Despite Mr. Reis's repeated vocal objections to Trooper Cosgrove's

1

search of areas and items not listed in the search warrant, Trooper Cosgrove continued his search of those areas (See Complaint at ¶ 12). Items that were seized from Mr. Reis's home and which were not listed in the search warrant were used by the government to enhance a sentence Mr. Reis received in a criminal proceeding that the United States of America brought against him (See Complaint at ¶ 18).

On January 21, 2005 the plaintiff entered this complaint in the United States District Court for the District of Massachusetts (See Docket Entry # 1, attached hereto as Exhibit B).

## LAW AND ARGUMENT

1. **The plaintiff has not complied with the requirements of L.R. 7.1(A)(2) and L.R. 37.1(B);**
2. **The plaintiff has not complied with the requirements of L.R. 26.2(A);**
3. **The court should defer this motion until such time as the dispositive motion pending against the defendant is ruled on.**

The plaintiff has failed to comply with the requirements of L.R. 7.1(A)(2) and L.R. 37.1(B) in that he did not confer with counsel prior to the filing of his motion for discovery. While this is reason enough for the court to deny the motion, the defendant offers two additional reasons the court should deny this motion. Each argument is addressed below.

One purpose of requiring the parties to confer prior to filing motions with the court is to cut down on matters that can be resolved by the parties. Mr. Reis did not confer with counsel for Trooper Cosgrove prior to the filing of this motion for discovery. Had the plaintiff done what is required of him he would have been advised of the reasons the defendant opposes this motion. Whether such a discussion would have satisfied the

plaintiff is unknown. It would have, at a minimum, begun the cooperative discovery process as L.R.26.1(A) envisions.

It is important to note that it is not the material being sought by the plaintiff that brings about Tpr. Cosgrove's opposition to this motion. It is the timing of the motion. Tpr. Cosgrove objects to having to expend resources on the defense of this case while a dispositive motion is pending. Tpr. Cosgrove's motion deals solely with the timeliness of the action. If, as Tpr. Cosgrove argues, the plaintiff missed the filing deadline by approximately eighteen months, the case is over. If there is no statute of limitations bar to the plaintiff's action, cooperative discovery as is required under L.R. 26.1 will begin.

While the appropriate response to a motion filed without a certificate of compliance to L.R. 7.1(A)(2) would be to deny the motion pending compliance, Trooper Cosgrove is requesting that the plaintiff not be allowed to commence discovery until after the resolution of the pending motion to dismiss.

Pursuant to L.R. 26.2 no discovery is to be engaged in until such time as the party seeking to begin discovery has disclosed his Automatic Required Disclosure to his opponent. The plaintiff has yet to disclose such information.

Finally, as set forth above, Tpr. Cosgrove has filed a motion to dismiss based on the statute of limitations. It would be unfair to require Tpr. Cosgrove to bear the cost of discovery at this stage of the litigation while that motion is pending. Particularly since the motion is based solely on the facts as found in the plaintiff's complaint.

## RELIEF REQUESTED

Based on the foregoing, it is respectfully requested that this honorable court deny the plaintiff's motion for discovery until such time as the motion to dismiss is addressed by the court.

        Respectfully submitted,
        The defendant,
        Trooper Richard W. Cosgrove,
        By his attorneys,

        LAW OFFICES OF TIMOTHY M. BURKE

        */s/ Joseph G. Donnellan*

        Joseph G. Donnellan, Esquire
        BBO #558060
        160 Gould Street, Suite 111
        Needham, MA 02494
        (781) 455-0707

## CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that a copy of the foregoing OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY was sent via first class mail, postage prepaid to the following:

Joarez Reis
Reg: 56638
Work Release Center
6000 Sheriff's Place
Bourne, Massachusetts 02532

Jessica Mooney, Esq.
Donovan Hatem
2 Seaport Lane
Boston, MA 02210

Date: May 17, 2005

Joseph G. Donnellan, Esquire

1