UNITED   STATES   DISTRICT   COURT
F O R     T H E
DISTRICT   OF   MASSACHUSETTS

Joarez Reis

Plaintiff,

v.

City of Hyannis, County of Barnstable,
Police Department of the City of Hyannis,
Trooper Richard Cosgrove, and Anonymous
Officers of the Police Department of the
City of Hyannis,

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION UNDER
42 U.S.C § 1983

Case No.:05-cv-40022-GAO

## PLAINTIFF'S MEMORANDUM AND MOTION TO WITHDRAW COMPLAINT AGAINST DEFENDANT CITY OF HYANNIS, COUNTY OF BARNSTABLE, POLICE DEPARTMENT OF THE CITY OF HYANNIS, AND ANONYMOUS OFFFICERS OF THE POLICE DEPARTMENT OF THE CITY OF HYANNIS

### I-INTRODUCTION

On January 21, 2005 the palintiff, pro se, entered this complaint in the United States District Court for the District of Massachusetts, (Docket Entry #1, Exhibit A).

On May 18, 2005 the Plaintiff received from defendant Richard Cosgrove, disclosure of individuals with discoverable information that relates to this complaint, providing the true identity of the defendant Anonymous Police Officers fo the City of Hyannis, which shows no involvement in the executing of the search warrant at the plaintiff's  home office on June 6, 2001.

### II-BACKGROUND

On June 6, 2001, the plaintiff's home office was searched by Massachusetts State Trooper Richard Cosgrove, pursuant to a search warrant issued on June 5, 2001. (exhibit #B). According to this

recent discovery upon defendant Richard Cosgrove's disclosure of
the true identity of the Anonymous Police Officers who assisted
him in executing the search warrant, present at the search were
State Police Det.Sgt.Plath, Trooper Harding, Trooper Sabota,Sgt.
Girardi, U.S. Postal Service Inspector Joseph Kleinberg and Inspector
Frederick Greenwood of the D.O.R. ( Exhibit C).

On January 21, 2005 the plaintiff filed this complaint,pursuant
to 42 U.S.C §1983, alleging that defendant Richard Cosgrove, with
the assistance of several police Officers of the City of Hyannis,
violated his Fourth Amendment Rights when such alleged unlawful
search and seizure of documents outside the scope of the search
warrant occurred. (complaint attached, exhibit D).

III- ARGUMENT

When this complaint was filed, plaintiff was incarcerated at
the F.M.C at Devens, Camp, Massachusetts.

Besides being deprived from knowing the provisions of Massachusetts
laws in regard to the statute of limitations, for lack of any legal
material concerning Massachusetts laws, the plaintiff filed this
complaint in good faith upon firm belief that defendant Anonymous
Police Officers were local police officers. The plaintiff resided
in the town of Hyannis and at any time, these Anonymous Police Officers
identified themselves as State Police Officers, making believe that
they were from the local Police Department of  Barnstable.

Therefore, the plaintiff does not feel at fault for not being
provided the true identity of the defendant Anonymous Police Officers
sooner by defendant Richard Cosgrove's disclosure of discoverable
information, who since the begining of this action was aware of
their real identity.

IV-CONCLUSION

Because of the foregoing above, the plaintiff, proceeding pro se,

request that this Honorable Court WITHDRAW this complaint against the (1) Anonymous Police Officers fo the City of Hyannis, (2)Police DEpartment of the City of Hyannis, (3) City of Hyannis and (4)Couhty of Barnstable, which is not technically a suable entity.

The plaintiff further requests that No costs or Attorney fees be allowed to defendants above because withdrawal of this complaint was effected as soon as it became known by the plaintiff, which was filed upon belief and information available.

At this time, this complaint stands against the defendant Richard Cosgrove, individually and in his official capacity.

In **Weeks v. U.S. 232 U.S. 383, 391-92, 34 S.Ct.341, 58 LEd.652 (1914)** the Supreme Court emphasized not only the right to be free from unreasonable searches, but also the right to be vindicated when constitutional rights are violated:

**The effect of the Fourth Amendment is to put the courts of the United States and Federal Officials, in the exercise of their power and authority, under limitations and restraints as to the exercise of such power and authority, and to forever secure the people, their persons, houses, papers, and effects, against all unreasonable searches and  seizures under the guise of law, whether acused of crime or not, and the duty of giving to it forces and effect is obligatory upon all intrusted under our federal system with the enforcement of the laws.**

Respectfully submitted,

Joarez Reis, Plaintiff, Pro se
REg. no. 56638-004
Work Release Center
Barnstable County
6000 Sheriff's Pl
Bourne, MA 02532

## CERTIFICATE OF SERVICE

I, Joarez Reis, the plaintiff acting pro se, hereby certify that
a true copy of the foregoing above was served upon the following,
by first class mail on the this date, May 31, 2005.


* David M.Thomas, Esq.
  Jessica L.Mooney,Esq.
  Donavan Hatem LLP
  Two Seaport Lane
  Boston, MA 02210

* Joseph G.Donnellan, Esq.
  Needham Corporate Center
  160 Gould St, Suite 111
  Needham, Massachusetts 02494-2300

Joarez Reis, Plainitff,pro se

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anonymous Officers of the Police**
**Department of the city of Hyannis**
*in their individual and Official*
*capacities*

represented by **Jessica L. Mooney**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2005 | ●1 | COMPLAINT against City of Hyannis, Massachusetts, County of Barnstable, Massachusetts, Police Department of the City of Hyannis, Massachusetts, Trooper Richard Casgrove, Anonymous Officers of the Police Department of the city of Hyannis Filing fee: $ 0.0, receipt number NA, filed by Joarez Reis.(Hassett, Kathy) (Entered: 01/31/2005) |
| 01/21/2005 | ●2 | MOTION for Leave to Proceed in forma pauperis by Joarez Reis. (Hassett, Kathy) (Entered: 01/31/2005) |
| 01/21/2005 | ●3 | MOTION to Appoint Counsel by Joarez Reis.(Hassett, Kathy) (Entered: 01/31/2005) |
| 02/14/2005 | ●4 | Coverletter/request (non-motion) from Joarez Reis. (Attachments: # 1 Civil Cover Sheet and Category Sheet)(Jenness, Susan) (Entered: 02/24/2005) |
| 02/24/2005 | ●5 | Judge George A. O'Toole Jr.: ORDER entered denying without prejudice 2 Motion for Leave to Proceed in forma pauperis. If Reis wishes to proceed with this action, he shall, within 42 days of the date of this order, either (1) submit the $150.00 filing fee; or (2) submit a new application to waive prepayment of the filing fee with a certified account statement for the six-month period immediately preceding the filing of this action. If Reis fails to take either of these actions within the prescribed time period, this action will be dismissed without prejudice for failure to pay the filing fee. (McGlamery, Jeanette) (Entered: 02/25/2005) |
| 03/21/2005 | ●6 | NOTICE of Appearance by Joseph G. Donnellan on behalf of Trooper Richard Casgrove, c/s. (Jones, Sherry) (Entered: 03/21/2005) |
| 03/28/2005 | ●7 | MOTION to Dismiss pursuant to Fed. Rule Civ. P.12(b)(6) for failure to state a claim upon which relief may be granted by Trooper Richard Casgrove, c/s.(Hassett, Kathy) (Entered: 03/28/2005) |
| 03/28/2005 | ●8 | MEMORANDUM in Support re 7 MOTION to Dismiss filed by Trooper Richard Casgrove. (Hassett, Kathy) (Entered: 03/28/2005) |
| 03/28/2005 | ●9 | CERTIFICATE OF CONSULTATION re 7 MOTION to Dismiss by Joseph G. Donnellan on behalf of Trooper Richard Casgrove. (Hassett, Kathy) (Entered: 03/28/2005) |
| 03/28/2005 | ●10 | NOTICE of Appearance by Jessica L. Mooney on behalf of City of |

| | | Hyannis, Massachusetts, Police Department of the City of Hyannis, Massachusetts, Anonymous Officers of the Police Department of the city of Hyannis (Mooney, Jessica) (Entered: 03/28/2005) |
|---|---|---|
| 03/28/2005 | ❶11 | ANSWER to Complaint , *with Jury Demand,* by City of Hyannis, Massachusetts, Police Department of the City of Hyannis, Massachusetts, Anonymous Officers of the Police Department of the city of Hyannis. (Mooney, Jessica) (Entered: 03/28/2005) |
| 03/28/2005 | ❶12 | Opposition re 7 MOTION to Dismiss filed by Joarez Reis. c/s (Edge, Eugenia) (Entered: 03/29/2005) |
| 03/28/2005 | ❶13 | MEMORANDUM in Support of Opposition re 7 MOTION to Dismiss filed by Joarez Reis.c/s (Attachments: # 1 Exhibit A)(Edge, Eugenia) Additional attachment(s) added on 3/30/2005 (Edge, Eugenia). (Entered: 03/29/2005) |
| 03/28/2005 | ❶ | Notice of correction to docket made by Court staff. Correction: Entry #13 corrected because: Page 4 missing from document. Document re-scanned and now includes page 4. (Edge, Eugenia) (Entered: 03/30/2005) |
| 03/29/2005 | ❶15 | Request for docket (non-motion) from Joarez Reis. Docket mailed to petitioner's new address. (Edge, Eugenia) (Entered: 04/04/2005) |
| 03/30/2005 | ❶14 | NOTICE of Change of Address by Joarez Reis (Edge, Eugenia) (Entered: 04/04/2005) |
| 04/08/2005 | ❶ | Filing fee: $ 150, receipt number 63366 regarding Filing fee (Edge, Eugenia) (Entered: 04/12/2005) |
| 04/12/2005 | ❶16 | Letter (non-motion) from Joarez Reis re: status of filing fee. Docket sheet showing receipt# for filing fee mailed to petitioner. (Edge, Eugenia) (Entered: 04/13/2005) |
| 04/29/2005 | ❶17 | Letter(non-motion) from Joarez Reis. (Attachments: # 1 attachment) (Edge, Eugenia) (Entered: 05/02/2005) |
| 04/29/2005 | ❶18 | Response/ Notice of Objection (filed as Exhibit A) by Joarez Reis to 11 Answer to Complaint. c/s (Attachments: # 1 Exhibit B)(Edge, Eugenia) (Entered: 05/02/2005) |
| 05/02/2005 | ❶19 | Request (non-motion) from Joarez Reis for updated Docket Sheet. Docket Sheet sent to petitioner. (Edge, Eugenia) (Entered: 05/03/2005) |

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

TRIAL CO^ ^ OF MASSACHUSETTS

Barnstable

_____ COURT DEPARTMENT

Criminal

_____ DIVISION

SEARCH WARRANT DOCKET NUMBER

**TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:**

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

☐ has been stolen, embezzled, or obtained by false pretenses.
☒ is intended for use or has been used as the means of committing a crime.
☐ has been concealed to prevent a crime from being discovered.
☐ is unlawfully possessed or concealed for an unlawful purpose.
☒ is evidence of a crime or is evidence of criminal activity.
☐ other *(specify)*_____

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:

Tax records , any records and paperwork pertaining to the preparation

or completion of tax returns,ledgers,bank books,monthly bank statements

check books, savings account books,cancelled checks,and any records that

may be of evidentiary valueconcerning the crimes of Larceny,forgery,uttering

. and tax fraud

☒ at:

- 16 Fresh Holes Road is an apartment in  a two  family single story structure

in Hyannis. MA. described as  having blue shingles on all sides,white trim,

black shutters,white door,red storm door front,#16 left of door,asphalt roof
which is occupied by and/or in the possession of:__6 windows in front,mailbox to right door

Joarez  Reis

☐ on the person or in the possession of:

You ☐ are ☐ are not  also authorized to conduct the search at any time during the night.

You ☐ are ☐ are not  also authorized to enter the premises without announcement.

You ☐ are ☐ are not  also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the

_____ Division of the _____ Court Department.

| DATE ISSUED | SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK |
|---|---|
| June 5, 2001 | X _____ |
| FIRST OR ADMINISTRATIVE JUSTICE **WITNESS:** | PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK  OMER R CHARTRAND |

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.                              BARNSTABLE DISTRICT COURT

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT
### G.L. c.276, SS 1 TO 7

June 5, 2001

I, Richard W. Cosgrove, #2330, being duly sworn, depose and say:

1.  I am a Massachusetts State Trooper currently assigned to the State Police Detectives Unit for the Cape and Islands District Attorney's Office. I have been so assigned since April 2000. Prior to my current assignment I was stationed at the Bourne State Police Barracks and South Yarmouth State Police Barracks as a Trooper since June 1993. During my career as a police officer, I have attended the Massachusetts State Police Academy. I have received training in criminal investigations from instructors on the State and Federal level. I have attended the D.E.A. Basic Narcotics Course and the Homicide Symposium at the F.B.I. Academy in Virginia. I have also attended the Background Investigation and Interview Course. I have been involved in the investigation of serious and violent crimes, and crimes involving fraud and theft. I have personal knowledge of the facts and circumstances hereinafter related as a result of my investigative efforts, and those of other investigators and citizens, who have reported their findings to me.

2.  Based upon my background, training, experience, and knowledge, I have probable cause to believe that the crimes of Larceny Over $250 By Single Scheme, a violation of Massachusetts General Laws, Chapter 266, Section 30B, and Check, Utter False, a violation of Massachusetts General Laws, Chapter 267, Section 5B, were committed and are ongoing at 16 Fresh Holes Road, Hyannis, MA, in that the facts establishing the grounds for my request to the court for the issuance of a search warrant are as follows:

3.  On May 6, 2000, I was assigned to investigate a possible larceny case involving a subject named Joarez Reis, of 16 Fresh Holes Road in Hyannis, MA. The case involved tax returns which belonged to Vereni Silva that were said to be prepared by Joarez Reis. Silva alleged that she never received the tax refunds she was entitled to. On May 25, I met with Frederick Greenwood, who is a criminal Investigator with the Massachusetts Department of Revenue. We interviewed Vereni Silva at the Law Offices of her attorney. Vereni stated that she went to Reis in October of 1998 and asked him to prepare her tax returns for her. Silva said that she hired Reis to prepare her tax returns because she had learned through her community that Reis was preparing tax returns for other non-English speaking Brazilians. Silva said she

went to Reis's house at 16 Fresh Holes Road in Hyannis and made arrangements to have her taxes done. Silva said that the returns were for the years 1997 and 1998, and were for both Federal and State taxes. Silva said that her sister, Odela, gave Reis Silva's W-2 statements at Reis's house. Silva stated that she had signed blank State and Federal tax return forms that Reis had given to Silva through Silva's sister Odela. Silva said that when she returned from a trip to Brazil she received the prepared returns that Reis had prepared. Silva said that she approached Reis and asked him about her refunds, and Reis told her that she had to wait until the government decided if she would receive any money or have to pay. Silva approached Reis a second time and Reis then told her she wasn't getting a refund because she owed some debts and that Reis had paid them for her. Investigator Greenwood showed Silva the returns that were actually filed with the State for the years 1997 and 1998 in her name. The returns that were filed were different from the returns that Reis had prepared for her. They had different refund amounts and also had a schedule C form that is used for someone that is self-employed. Silva's W-2 forms were not used. Silva said that the signatures on the forms that were shown to her were not her signatures Investigator Greenwood showed Silva the 1997 and 1998 D.O.R. checks that were issued in her name in the amounts of $349 and $311. Silva said that the signature on the 1997 check was not her signature. The 1998 check had "pay to the order of Juarez Reis" on the back and Silva said that the handwriting was not hers.

4.    On 11-2-2000 Inspector Greenwood and I interviewed Reis at his 16 Fresh Holes residence. We spoke inside his living room and inside the room was an office area with a computer and filing cabinets. We advised Reis that we were investigating a complaint and Investigator Greenwood showed Reis a tax return form that had been filed for Silva. Reis stated that he had completed the return but he wanted to speak with Silva and his attorney. The interview was then concluded.

5.    On 12-5-2000 Inspector Greenwood and I interviewed Reis at his attorney's office, Ricardo Barrows, with his attorney present. Reis was shown the 1997 and 1998 tax returns that were submitted to the State for Vereni Silva. Reis admitted that he prepared both returns and signed Vereni Silva's signature. Reis was then shown the 1997 and 1998 tax return checks that were issued to Vereni Silva. Reis admitted that the address on the checks were to his Post Office Box. Reis further admitted that he signed her signature on both checks. Reis then admitted that he deposited the money into his own account then paid Silva cash. He said he had no record of when he paid her. Reis went on to say that that was his standard practice, to deposit the money into his account then pay the person in cash. Reis was then shown the 1997 and 1998 returns that were given to Silva that she had signed. Reis said that the handwriting was his but that he did not remember preparing the returns. Reis went on to say that he prepares many tax returns for the people in the Brazilian community. He said that he charges a set fee, one amount if they have W-2 forms and another

amount if they don't. He also said that he never signs the forms as the tax preparer.

6.    On 1-2-2001 Tpr. Mason and I spoke with Vereni Silva. She stated that she never gave Reis permission to sign the tax returns or checks. She also said that she is not self-employed. She further stated that she had received a phone call on 11-2-2000, the day Inspector Greenwood and I first spoke with Reis. She said that Reis told her to tell this Officer that She had signed the 1997 and 1998 tax return checks and the tax forms. Reis also told Silva to tell this officer that she had instructed Reis to put his P.O. Box as the address on the returns instead of her own address. She further stated that Reis said that he knew what he did was wrong, but when he got to court he would deny everything. He also stated that he was worried he would go to jail.

7.    On February 26, 2001 I met with Postal Inspector Joseph Kleinberg and Internal Revenue Service Investigator Paul Donnelly. Inspector Kleinberg revealed that there are 4 active P.O. Boxes under Reis's name. Two of the boxes are in Sandwich and are numbers 1894 and 327. The other two boxes are in Hyannis and are numbers 2545 and 2621. Inspector Kleinberg and Investigator Donnelly both indicated that they had begun an investigation into Reis's activities because of the large amount of tax return checks going to Reis's P.O. Boxes.

8.    A Grand Jury Subpoena was issued to Compass Bank for Reis's account # 533000353445. The account showed that Reis made a deposit on 2-28-98. Included in the deposit was a check in the amount of $349, which coincided with the tax return check issued to Silva for 1997.

9.    Inspector Greenwood discovered that some of the checks that were going to Reis's Post Office boxes had an account number of 9411407914 that was an account held by Fleet Bank. A Grand Jury Subpoena was issued to Fleet Bank for Reis's account #9411407914. The account records show that Reis deposited 89 Federal and State tax returns that had 42 different names other than his own on them totaling $58,945.78. The deposits were made from 1-27-99 to 7-28-00. 21 refunds were mailed to Reis's P.O. Box 1894 in Sandwich. 61 Checks were mailed to Reis's P.O. Box 2545 in Hyannis. 7 Checks were mailed to Reis's residential address, which is 16 Fresh Holes Road in Hyannis.

10.    On Wednesday 5-9-2001 DOR Inspectors Greenwood and Gillis and I interviewed Nilva Dutra. Nilva Dutra was issued DOR tax refund checks for the years 1997, 1998, 1999, and 2000. Dutra was also issued an IRS tax refund check for the year 1999. All the checks were addressed to Reis's P.O. Box 2545 in Hyannis. Dutra was asked if she knew Reis. She said that she did know Reis. Dutra said that Reis had helped her with immigration and employment papers and that Reis had also recommended she go to Attorney

Ricardo Barros for any legal help. Dutra stated that she had in fact followed his advice and was seeing Barros for services. Dutra was asked if she had ever asked Reis to help her prepare her tax returns for her. She said that she had never asked Reis to help her with taxes. Dutra was then shown Massachusetts Tax Form 1 for the years 1999 and 2000 that were filed with the DOR under her name. She did not recognize the forms and stated that she had never seen them before. She also stated that the signatures on the forms were not her signatures. Dutra was shown the DOR refund checks for the years 1997($221), 1998($227.1), 1999($231.2), and 2000($235). Dutra said that she did not sign the checks and had never seen them before. Dutra was additionally shown the IRS tax refund check for the year 1999($1,252) and she said did not recognize it and did not sign it. The DOR 1997, 1998, and 1999 refund checks and the IRS 1999 refund check were deposited into Reis's bank account at Fleet Bank into account #9411407914. The DOR year 2000 refund check was cashed at Minas Travel, which is located in Summerville on February 3, 2001. Dutra further stated when asked that she had never received any money in any form from Reis. She stated that she had to give Reis money for helping her with her employment paperwork.

11. On Monday 5-21-2001 Postal Inspector Kleinberg advised me that Reis had received two DOR tax refund checks to his P.O. Box 327 and 1894 that were issued to two different parties named Egberto E Maciel and Roseli G Espindola. DOR investigator Greenwood advised me that he checked the returns for the two issued checks and the returns were consistent with the other returns going to Reis's P.O. Boxes, that the parties they were issued to all claimed to have their own business by filing a schedule C, and none of the parties had W-2 income. By filing returns using a schedule C, perpetrators of this type of scheme do not need a W-2 income, so they are able to put in any figures they want on the return without the person they are filing the return for knowing anything about it. The perpetrator can also list any kind of employment since there is no way to verify it, short of an audit. In the case of Reis, the form of employment he is placing on the returns is Janitorial-housecleaning. It is believed that Reis is continuing to file false returns without the listed parties knowing about it. Reis is also not giving the money to the listed parties, but is instead, depositing the money in his own bank account, or cashing the checks.

12. This officer has personal knowledge, based upon my training, and based upon the experience and training of Postal Inspector Kleinberg, that perpetrators of this type of scheme will have not just one P.O. Box as an ordinary citizen would have, but instead would have multiple Post Office Boxes so as to elude detection of the scheme. Further, this officer has personal knowledge based upon my training, and based upon the experience and training of other officers including that of Postal Inspector Kleinberg and D.O.R. Investigator Greenwood, that perpetrators of this type of scheme will keep records of there

activities on a computer, and that in crimes of this nature there is often an attempt to conceal, alter, destroy, remove, or cover up evidence of the crimes.

13. This officer also has personal knowledge, based upon my experience and training, that information specific to the circumstances under which the crime was committed will assist in the discovery of pertinent facts; and that such evidence requires a systematic search to locate, seize, record and process any further evidence of same.

14. Based upon the above facts this officer believes that there is probable cause to believe that Joarez Reis has evidence at his residence relating to the crimes above, and I respectfully request permission to search the residence of Joarez Reis, which is located at 16 Fresh Holes Road in Hyannis, MA. for any evidence consisting of; tax records, any records and paperwork pertaining to the preparation or completion of tax returns, ledgers, bank books, monthly bank statements, check books, savings account books, cancelled checks, and any records that may be of evidentiary value concerning the crimes described above.

15. This affidavit has been reviewed by Assistant District Attorney Robert Welch

16. This affidavit subscribed to and sworn to by me consist of 5 pages.


_____
Richard W. Cosgrove, #2330

Then personally appeared before me the above named Richard W. Cosgrove and made oath that the foregoing by him subscribed is truth.

Before me this 5th day of June, 2001.


_____
Justice
Clerk Magistrate
Assistant Clerk Magistrate

# EVIDENCE LISTING

**Date:** 06/08/01
**Location:** 16 Fresh Holes Rd., Hyannis, Ma.
**Case Officer:** Tpr. R. Cosgrove
**CPAC Case#:** 00-102-2300-0187
**CSSS Case#:**
**Defendant:** REIS, Joarez

**Evidence Officer:** Trooper Julie A. Sabota # 1517
**CSSS Officer:** Sgt. M. Gilardi
**Photos:** Sgt. M. Gilardi
**Diagram:** Tpr. C. Harding
**Video:** N/A

| ITEM | DESCRIPTION | WHERE FOUND | RECOVERED BY | Marking | PACKAGING METHOD | DATE | TURNED OVER TO: |
|---|---|---|---|---|---|---|---|
| 1 | Various paperwork | desk #1/living room | Tpr. Harding | I | Accordian | 06/08/01 | Tpr. Sabota |
| 2 | Various paperwork | shelf/living room | Pl Kleinberg | I | Accordian | 06/08/01 | Tpr. Sabota |
| 3 | Various paperwork | cart #1/drawers/liv. room | Tpr. Cosgrove | I | Accordian | 06/08/01 | Tpr. Sabota |
| 4 | Various paperwork | desk #2 | Tpr. Harding | I | Accordian | 06/08/01 | Tpr. Sabota |
| 5 | Various paperwork | table/living/dining room | Pl Kleinberg | I | Accordian | 06/08/01 | Tpr. Sabota |
| 6 | Various paperwork | floor next to TV/liv. room | Pl Kleinberg | I | cardboard box | 06/08/01 | Tpr. Sabota |
| 7 | Various paperwork | top of TV/liv. room | Pl Kleinberg | I | Accordian | 06/08/01 | Tpr. Sabota |
| 8 | Various paperwork | cart # 2/living room | Tpr. Cosgrove | I | Accordian | 06/08/01 | Tpr. Sabota |
| 9 | Various paperwork | phone/fax table/liv. room | Pl Kleinberg | I | cardboard box | 06/08/01 | Tpr. Sabota |
| 10 | Various paperwork | closet # 1/hall | Sgt. Plath | I | corona box | 06/08/01 | Tpr. Sabota |
| 11 | Yellow empty envelope | bar table/rear bedroom | Tpr. Cosgrove | D | Accordian/TV | 06/08/01 | Tpr. Sabota |
| 12 | Various paperwork | closet # 2/hall | Tpr. Cosgrove | I | cardboard box | 06/08/01 | Tpr. Sabota |
| 13 | Various paperwork | bureau/front bedroom | Pl Kleinberg | I | cardboard box | 06/08/01 | Tpr. Sabota |
| 14 | Various paperwork | book shelf/front bedroom | Tpr. Harding | I | Accordian | 06/08/01 | Tpr. Sabota |
| 15 | Various paperwork from plastic box | floor near bookshelf/FB | Tpr. Harding | I | cardboard box | 06/08/01 | Tpr. Sabota |
| 16 | Various paperwork | front bedroom closet | Tpr. Cosgrove | I | plastic box | 06/08/01 | Tpr. Sabota |
| 17 | Various paperwork | on top of bookshelf/FB | Tpr. Harding | I | plastic box # 2 | 06/08/01 | Tpr. Sabota |
| 18 | Paperwork off fax machine | fax machine/liv. rm. | Tpr. Cosgrove | I | Accordian/TV | 06/08/01 | Tpr. Sabota |

| ITEM# | DESCRIPTION | WHERE FOUND | RECOVERED BY | Marking | PACKAGING METHOD | DATE | TURNED OVER TO: |
|---|---|---|---|---|---|---|---|
| 19 | Various paperwork | plastic box/hallway | Tpr. Harding | 1 | Accordian | 06/08/01 | Tpr. Sabota |
| 20 | Various paperwork | file cabinet # 1/front bedrm. | Tpr. Cosgrove | 1 | cdbd. box A-D | 06/08/01 | Tpr. Sabota |
| 21 | Various paperwork/various stamps | file cabinet # 2/front bedroom | Tpr. Cosgrove | 1 | cdbd. box A-D | 06/08/01 | Tpr. Sabota |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-40022-GAO

| | |
|---|---|
| Joarez Reis | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| City of Hyannis, County of Barnstable, | ) |
| Police Department of the City of Hyannis, | ) |
| Trooper Richard Casgrove and Anonymous | ) |
| Officers of the Police Department of the | ) |
| City of Hyannis, | ) |
| Defendants | ) |

## REQUIRED DISCLOSURES PURSUANT TO F.R.C.P. 26 (a)(1)

Individuals with discoverable information:

Joarez Reis
Reg: 56638
Work Release Center
6000 Sheriff's Place
Bourne, Massachusetts 02532

Tpr. Richard Cosgrove
c/o
Joseph G. Donnellan, Esq.
Law Offices of Timothy M. Burke
160 Gould Street
Needham, MA 02494
(781) 455-0707

Inspector Frederick Greenwood
Department of Revenue
51 Sleeper Street
Boston, MA 02205
(617) 887-6778

Inspector Joseph Kleinberg
United States Postal Service
Postal Inspection Service
495 Summer St Ste 600
Boston MA 02210-2114
(617) 556-4400

1

Det. Sgt. Plath
Massachusetts State Police
GHQ
470 Worcester Road
Framingham, MA 01702
(508) 820-2300

Tpr. C. Harding
Massachusetts State Police
GHQ
470 Worcester Road
Framingham, MA 01702
(508) 820-2300

Tpr. Julie Sabota
Massachusetts State Police
GHQ
470 Worcester Road
Framingham, MA 01702
(508) 820-2300

Sgt. M. Gilardi
Massachusetts State Police
GHQ
470 Worcester Road
Framingham, MA 01702
(508) 820-2300

Ricardo Barros
Ricardo M. Barros & Associates
558 Pleasant St # 307,
New Bedford, MA
(508) 997-6155

Jennifer Joaquin
Ricardo M. Barros & Associates
558 Pleasant St # 307,
New Bedford, MA
(508) 997-6155

Documents:

> Massachusetts State Police Report of Investigation
> Controlling Case 00-102-2300-0187
> By Tpr. Richard W. Cosgrove
> Date: June 8, 2001

Search Warrant for
16 Fresh Holes Road
Hyannis, MA

Affidavit in Support of Application for Search Warrant
By Tpr. Richard W. Cosgrove
Date: June 5, 2001

Evidence Listing
Date: June 8, 2001

Diagram of
16 Fresh Holes Road
Hyannis, MA

Damages:

The Defendant has not filed a counterclaim and does not claim any damages at
this point in the action.

Insurance:

The Defendant is not covered by any insurance agreements which would
indemnify him but refers the Plaintiffs to G.L.c. 258, § 9A.

Respectfully submitted,
The defendant,
Dean O'Malley
By his attorneys.

LAW OFFICES OF TIMOTHY M. BURKE

Joseph G. Donnellan, Esquire
BBO #558060
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS



FILED
IN CLERKS OFFICE

2005 JAN 21  P 1: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| Joarez Reis, Plaintiff | ) | |
|     v. | ) | |
| City of Hyannis, Massachusetts; | ) | CIVIL ACTION UNDER |
| County of Barnstable, Massachusetts; | ) | 42 U.S.C. § 1983 |
| Police Department of the City of | ) | |
| Hyannis, Massachusetts; Trooper | ) | — C O M P L A I N T — |
| Richard Casgrove, Massachusetts | ) | |
| State Police Officer, in his | ) | **05 - 40022** |
| individual and Official capacity; | ) | |
| Anonymous Officers of the Police | ) | |
| Department of the City of Hyannis, | ) | |
| in their individual and Official | ) | |
| capacities, Defendants. | ) | |

To the Clerck of the Court,

Please accept for filing the attached Summons and Complaint, Pro Se and in forma pauperis, and if any further information is needed, please contact me at the address bellow. Second copies of each are enclosed. Please stamp and return to me in the enclosed post-paid envelope.

1/19/05
/Date

Sincerely,

Joarez Reis, Plaintiff, Pro Se
B.O.P.'s Reg.No.: 56638-004
FMC Devens/Camp
P.O.Box 879
Ayer, MA 01432

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joarez Reis, Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION UNDER |
| | ) | 42 U.S.C. § 1983 |
| City of Hyannis, Massachusetts; | ) | |
| County of Barnstable, Massachusetts; | ) | -C O M P L A I N T - |
| Police Department of hte City of | ) | |
| Hyannis, Massachusetts; Trooper | ) | |
| Richard Casgrove, Massachusetts | ) | |
| State Police Officer, in his | ) | |
| individual and official capacity; | ) | |
| Anonymous officers of the Police | ) | |
| Department of the City of Hyannis, | ) | |
| in their individual and official | ) | |
| capacities, Defendants. | ) | |

I- PARTIES

A. Joarez Reis, Inmate at Federal Medical Center, Devens, Registration No.:
   56638-004, P.O.Box 879, Ayer, Massachusetts 01432, Plaintiff.

B- City of Hyannis, Massachusetts 02601

C- County of Barnstable, Massachusetts

D- Police Department of the City of Hyannis, Massachusetts 02601

E- Massachusetts State Trooper, Richard Casgrove, Hyannis, Massachusetts 02601

F- Anonymous Police officers of the Police Department of the City of Hyannis,
   Massachusetts 02601, Defendants.

II—STATEMENT OF THE CLAIM

Plaintiff Joarez Reis, an inmate at the Federal Medical Center, Devens, Ayer, Massachusetts, Pro Se and in Forma Pauperis, brings this civil rights action under 42 U.S.C. § 1983, on grounds of WRONGFUL SEARCH AND SEIZURE, DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS, INFLICTION OF EMOTIONAL DISTRESS, AND INVASION OF PRIVACY, all under color of State Law, as follows:

(1) At all times mentioned herein the Plaintiff Joarez Reis, was an stil is a citizen of the United States and a resident of the State of Massachusetts.

(2) At all times mentioned herein the Defendant Richard Casgrove, was and still is a citizen of the United States and a resident of the State of Massachusetts.

(3) Upon information and belief, at all times mentioned herein the Defendant Richard Casgrove,was and still is employed as a police officer by the city of Hyannis, or Barnstable County, or State of Massachusetts.

(4) That this action arises under the provisions of the 42 U.S.C. § 1983, which guarantees certain civil rights against improper actions by government and governmental agents in violation of the person's constitutional rights and protections, under color of law.

(5) That each of tha actions complained of herein were committed under color of law while the Defendant Richard Casgrove, was acting in his capacity as a police officer appointed by and employed by the city of Hyannis, or County of Barnstable, or State of Massachusetts, within the geographic territory of said county.

(6) That the Plaintiff Joarez Reis, at all times mentioned herein, was engaged in the business of income tax return preparation for third parties, mainly to the Brazilian community of Cape Cod, Massachusetts.

(7) That the Plaintiff Joarez Reis, at all times mentioned herein, was also engaged in the business of assisting individuals seeking legal immigration status before the Immigration and Naturalization Service.

(8) That sometime in the year 2000, the Plaintiff Joarez Reis was contacted by the Defendant Richard Casgrove, in his capacity of law enforcement agent for the County of Barnstable, Massachusetts, together with an officer of the Massachusetts

Pg. 2

Department of Revenue, requesting information concerning a possible act of fraud by the Plaintiff Joarez Reis, in conjuction with the preparation of a client's tax return.

(9) That two weeks later, a meeting was held at the office of the Plaintiff's attorney, Ricardo Barros, in the town of Barnstable, Massachusetts, with the same parties above mentioned in paragraph 8, for clarification of facts.

(10) That in May 2001, the Defendant Richard Casgrove, in his official capacity of law enforcement agent, obtained a warrant from the magistrate of the Barnstable County, based upon allegations of tax fraud by the Plaintiff Joarez Reis, to search Plaitiff's residence located at 20 Fresh Holes Road, Hyannis, Massachusetts, and to seize documents related to tax preparation, banking records, cancelled checks and larceny.

(11) That the Warrant was specifically limited to the items recited therein.

(12) That in the course of his search of Plaintiff's entire residence located at 20 Fresh Holes Rd, Hyannis, Massachusetts, which continued after he had seized any and all of the documents recited in the warranted, which documents were maintained in duly marked file drawers, the Defendant Richard Casgrove continued to search the premises over the protest of the Plaintiff Joarez Reis, who was repeatedly told to be quiet and sit down.

(13) That in the course of the extended search beyond that authorized by the warrant, the Defendant Richard Casgrove seized and removed from the premises certain personal papers of the  Plaintiff Joarez Reis and others, file folders containing documents and informations concerning the applications of many third parties to the Immigration and Naturalization Service seeking temporary and permanent legal status to remain in the United States, Despite the protests of the Plaintiff Joarez Reis.

(14) That the Plaintiff Joarez Reis Identified the nature of such documents to the Defendant Richard Casgrove and protested their removal from the premises in violation of the terms and conditions of the warrant. Such files contained no tax information, forms, etc., and that Defendant Richard Casgrove was aware of the fact.

(15) That the said unlawful and unreasonable search and seizure of papers, involved more than four hundred (400) files that contained documents of third parties

entrusted to the Plaintiff Joarez Reis watch for immigration follow-up, such as
providing transportation and translation to the Immigration Courts, and typing of
immigration forms, as needed and requested by individuals seeking temporary and
legal immigration status in the United States.

(16) That the Plaintiff Joarez Reis protested that removal of such files seized
and taken were not related to tax documents, etc.

(17) That the Defendant Richard Casgrove, as an experienced law enforcement agent,
as claimed in his affidavit to the magistrate to issue a warrant, knew or should
have known that he could not have taken whatever he pleased or deemed appropriate
despite the particularity and conditions of the warrant.

(18) That despite such unreasonable search and seizure of documents belonging to
third parties, in addition to submitting such documents in evidence against the
Plaintiff Joarez Reis, where the United States Attorney Paul Levenson and the
United States District Judge, George A. O'Toole,Jr., used the impermissible
evidence to enhance Plaintiff sentence as relevant conduct, upon a plea agreement
in Plaintiff's criminal case No.: 03-10213-GAO, NONE of these files have been
returned to this date to either the Plaintiff Joarez Reis or the persons whose records
were contained therein.

(19) That Defendant Richard Casgrove, together with two Federal Agents and several
police officers of the Barnstable County, acting under color of State law, all agreed
that they were going to seize everything and remove them over to the State Police
Department of South Yarmouth, Massachusetts, if they were in a fishing expedition,
looking for incriminating evidence against Plaintiff Joarez Reis, grossly exceeding
the scope of search warrant.

(20) That the Plaintiff Joarez Reis has duly demanded the return of the files and
records from his premises but the prosecuting authorities have failed and /or
refused to return them to this date.

(21) That this Fourth Amendment violation by the Defendant Richard Casgrove, et al,
was conducted under the color of State law. He engaged in a warrantless search and
seizure and no exception to the warrant requirement applied, with full knowledge
that he exceeded his authority granted pursuant to the terms of the warrant.

(22) That this unlawful removal of immigration files by the Defendant Richard Casgrove, caused the deportation of many innocent third parties who were seeking legal status in the United States and who had their cases decided "in absentia" due to failure to appear in court.

(23) That this unlawful removal of immigration files by the Defendant Richard Casgrove resulted in great panic in the Brazilian community, inflicting to Plaintiff Joarez Reis threats to his life as well as mental anguish and concern for innocent immigration legal status seekers.

III-RELIEF

Plaintiff Joarez Reis seeks award of punitive damages against ALL the Defendants named above in Item I- (parties), in the amount of U.S.$1,000,000.00 (One Million Dollars)  to compensate the Plaintiff Joarez Reis for infliction of intense emotional distress, economic loss, lack of enjoyment of life, due to Defendant Richard Casgrove KNOWLEDGE and WILLFUL violation of Plaintiff's constitutional and civil rights, and that in accordance with Federal Civil Rights Statutes, mandates liability for violation of rights protected by the constitution and laws of the United States of America and order directing the Defendant to return any and all property of the Plaintiff in their possession.

IV- (x) Jury Trial

Trial by Jury  requested.

I, the Plaintiff Joarez Reis, declare under penalty of perjury that the foregoing is true and correct.

1/19/05

Date

Joarez Reis, Plaintiff Pro Se.